paid, the proceedings upon the attachment must be stayed, and the defendant discharged from the same upon his paying to the complainant's solicitor the $8 costs, and attending before the master within four days after service by a copy of the order to be entered herein, and submitting to be examined, &c., and to do such other acts as may be required by the master. But if the defendant neglects to pay the costs and to attend before the master, &c., within the time specified, the complainant is to be at liberty to proceed upon his attachment to punish the defendant for his original contempt in neglecting to attend before the master.

Neither party is to have costs as against the other upon this appeal, or upon the motion to the vice-chancellor, and the proceedings are to be remitted.

*Horace Loveland v. Michael A. Burnham et al.* H. L. Palmer, for complainant; D. D. Field, for defendants. Application to dissolve or modify, or set aside an injunction, on the ground of the insufficiency of the bond which had been given on obtaining the same. The complainant did not justify, and the surety only justified in the sum of $500, without stating his residence, or that he was a freeholder or a householder. Nor was the bond acknowledged by the surety, or proved by a subscribing witness, as required by the 172d rule. The bond was in the penalty of $500. The chancellor observed that although the 31st rule fixes the minimum of the penalty of a bond to be taken by the officer allowing an injunction out of court, it was intended that such officer should exercise a reasonable discretion in fixing the amount of the security to be given, so that it should in all cases be sufficient to cover the amount of damages the defendants may sustain if it should eventually that complainant was not entitled to an injunction.

And he decided that the officer allowing an injunction should always require a bond for a larger sum than $500, where there is reason to suppose the damage occasioned by the writ, if it should continue until the termination of the suit, will exceed that sum.

That the sureties in such a bond should also be required
to justify in at least double the penalty. And that whenever
an injunction is issued without the requisite security it will
be the duty of the court to set aside such injunction, with
costs.

Injunction set aside with costs.

*Andrew S. Garr, adm'r, &c.,* v. *Michael G. Bright, John
J. Palmer et al.* W. C. Noyes, for appellant. Order of
the vice-chancellor of the first circuit refusing an application
for leave to amend bill, modified so as to permit amendments
in the manner specified. Proceedings remitted.

*Henry Fisher* v. *Eliphalet Hall et al.* A. C. Hand, for
complainant; G. A. Simmons, for defendants. Motion to
dissolve injunction denied, with $10 costs; but without pre-
judice to right of defendants to renew it on the perfecting of
their answers.

*Eliphalet Hall* v. *Henry Fisher et al.* G. A. Simmons,
for complainant; A. C. Hand, for defendants. Motion to
dissolve injunction granted; but without prejudice to right of
complainant to apply to renew injunction upon amended bill.

*Elizabeth Rapelye, by her next friend* v. *Charles Hoyt et al.*
S. F. Clarkson, for appellant; H. F. Clark, for respon-
dent. Order appealed from affirmed, with costs, to be paid
by the next friend of appellant.

*James B. Murray et al.* v. *Allan Hay.* E. Sandford, for
complainants; A. Williams, for defendant. In this case Form of 'an or-
der to close
the chancellor decided that an order to produce witness may proofs.
be either in the form originally used, requiring the *adverse*
party to produce witnesses within forty days; or in the more
modern form requiring *the parties* to produce witnesses, &c.

He also decided that as a general principle several com- Joinder of seve-
plainants having distinct and independent claims to relief ral complain-
ants; in what
against a defendant cannot join in a suit for the separate re- cases proper. A
lief of each; nor can a single complainant, having distinct
and independent claims to relief against two or more defend-
ants severally, join them both or all in the same bill. But
that there are many exceptions to this rule, and the court ex-
ercises a found discretion in determining whether there is a