# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA.

WILLIAM L. GRANT & another *vs.* GEORGE SCHMIDT & another.

### May 17, 1875.

**Action to Abate Nuisance—Parties.**—All persons whose property is affected by a nuisance, though they own the property in severalty and not jointly, may join in an action to abate the nuisance.

**Same—Judgment.**—But in such action they cannot have judgment for the damage done to the property of each.

**Practice—Stipulation for Dismissal—Appearance.**—A stipulation, signed by the plaintiffs and some of the defendants to an action, for a settlement and dismissal of the action, is not such an appearance as entitles the defendants to notice of further proceedings in the action.

**Practice—Remedy for Error in Judgment.**—Where, upon an application to the court in vacation for judgment for want of an answer, the court orders judgment, and the judgment is accordingly entered, the court cannot review its decision upon a motion to vacate the judgment. The only remedy of the defendant for error in the decision is by appeal from the judgment.

Appeal by plaintiffs from an order of the district court for Scott county, *Chatfield*, J., presiding, setting aside a judgment.

*L. M. & D. A. Brown*, for appellants.

*Macdonald & Southworth*, for respondents.

v.22 M—1

GILFILLAN, C. J.   The plaintiffs, each of whom owns a separate tract of land bordering upon a natural lake, brought suit against defendants, alleging in the complaint that they have obstructed the natural outlet of the lake, raising the water above its natural level, and causing it to overflow the land of each of the plaintiffs, and so causing damage to the land of each.   The complaint asks for an abatement of the nuisance, a perpetual injunction against renewing the obstructions, and for damages to each of the plaintiffs for the injury done by the overflow to his or her land.

After the suit was commenced, terms of settlement were agreed upon, and a written stipulation, expressing the terms of settlement—among others, that defendants should pay the costs, and that the suit should be dismissed—and which it was intended should be signed by all parties, was drawn up, signed by each of the plaintiffs and by the defendant, George Schmidt, and by some person filed with the clerk of the court.   George Schmidt paid the costs, John Schmidt refused to sign the stipulation, and both defendants refused to abide by the settlement.   Thereupon the plaintiffs, without notice, applied to the court for judgment, which ordered judgment accordingly.   The damages were assessed by a referee appointed for that purpose, and judgment entered for the injunction, for the abatement of the nuisance, and in favor of the plaintiff, Grant, for $62.00 damages, in favor of Peter Delbo for $78.00 damages, and in favor of Mary Delbo for $146.00 damages.

The defendants moved for an order setting aside the judgment, and for such other or further order as to the court might seem just and proper in the premises, which motion was based on the stipulation filed and the allegation that the defendants had strictly complied with it, and " because said judgment is irregular, unauthorized, and rendered without jurisdiction, and void."   The court set aside the judgment, and from the order setting it aside an appeal is brought to this court.

The motion was not addressed to the discretion of the court, for the moving papers presented no facts to bring its discretion into exercise. It could not be sustained by the stipulation and the allegation that the defendants had complied with its terms, for the affidavits in opposition to the motion show beyond any doubt that the stipulation is incomplete for want of the signature of John Schmidt, and that, although defendants paid the costs, they refused to abide by the really essential terms in the stipulation.

The court had jurisdiction of the parties and subject-matter, and the judgment was not void. The only other ground for the motion is that the judgment was irregular or unauthorized. It was not irregular because entered without notice, for the stipulation was not such an appearance (and there was no other) as entitled the defendants to notice of subsequent proceedings. For such purpose the appearance must be by answering, demurring, or by written notice of appearance.

Was the judgment unauthorized—that is, such a judgment as the plaintiffs were not entitled to have entered?

So far as the relief claimed in the complaint related to the abatement of the nuisance and to the injunction, the suit was properly brought in the names of all the plaintiffs, and the judgment was proper to the extent of that relief. The nuisance was a common injury to all of them, though the damages to each resulting from it were separate and distinct. In such cases all whom the nuisance affects may join in a suit to abate it. *Reid* v. *Gifford*, Hopk. Ch. 416; *Murray* v. *Hay*, 1 Barb. Ch. 59. But in such cases the relief granted must be such as is common to all of the plaintiffs. Several judgments in favor of each for his separate damages cannot be rendered. 1 Barb. Ch. 65. The judgment was, then, erroneous, so far as it allowed a recovery for each of the plaintiffs.

If a judgment entered without application to the court is erroneous, it is an irregularity which may be corrected on motion, and the court may either modify or vacate it. But

if such a judgment is entered upon application to the court, and pursuant to its order, the case is different. The court is presumed to have decided the plaintiffs' right to recover to the full extent justified by its order. There may be error in the decision of the court; but if the judgment follows the order, there is no irregularity in its entry.

At common law the court might, at any time during the same term, correct any error in its judgment, even after it was in fact entered, but had no right to do so after the close of the term. *Ætna Life Ins. Co.* v. *McCormick*, 20 Wis. 265, 279; *Bank of U. S.* v. *Moss*, 6 How. 31, and cases cited. Under that practice all causes came on to be disposed of at some term, and all judgments were entered as of the term at which the cause was heard, and the court was supposed to retain control over causes during the entire term at which they came on to be heard, and not to have finally disposed of them until the term closed. This theory is not retained under the present practice. The summons is not returnable at any term. The cause need not be brought on at a term unless there is an issue to be tried. The judgment, whether in fact entered during a term or in vacation, is not entered as of any term. The control of the court over causes coming before it (except where retained by statute, and except the necessary control over its records which every court has,) terminates with the entry of judgment. The only mode which the statute provides for the district courts to review their decisions, after judgment, is by motion for a new trial, which does not apply to judgments entered upon default.

In chancery, after the decree was enrolled, errors apparent on the face of the decree could be reheard on bill of review; those not apparent only by appeal. Before enrolment a rehearing might be obtained by petition. The bill of review is not retained in the present practice, and both legal and equitable actions come under the same rule of practice in the particular we are considering.

The conclusion is that the only remedy to correct erro-

neous decisions, after judgment has been entered, is by motion for a new trial, where that motion is given by statute, or by appeal. It follows that it was error in the court below to vacate the judgment in this case, and its order vacating it is reversed.