### Missouri Pac. Ry. Co. v. Texas & P. Ry. Co.[1]

*(Circuit Court, E. D. Louisiana. June 21, 1887.)*

1. RECEIVERS—ADVICE OF COURT.

Receivers can have general advice and instructions, and, in particular cases, particular advice and instructions on application to the court. If there are parties in interest, and they have their day in court, the advice may be decisive; but, if the matter is *ex parte*, such advice is binding only on the receivers, for the judge may change his mind on hearing full argument.

2. INTERSTATE COMMERCE ACT—SECTION 4.

Under section 4 of the interstate commerce law, relating to the charges for the long and short haul, it seems that where the circumstances and conditions are dissimilar there is no prohibition; where the circumstances and conditions are similar the prohibition attaches; and that where it is difficult to point out clearly the circumstance or condition which produces dissimilarity, the doubt should go in favor of the object of the law, and the circumstances and conditions should be taken as substantially similar. Where the circumstances and conditions are similar, or substantially similar, and the result to the carrier is injurious, relief can be had only through the commission.

In the Matter of the Petition of Receivers for advice in relation to the construction of the fourth section of the interstate commerce act.

*W. W. Howe,* for receivers.

PARDEE, J. The petition of the receivers of May 23d, the evidence and report of the special master, and the arguments have been carefully considered. The nature of the matters presented precludes anything beyond *ex parte* consideration. The receivers of the Texas & Pacific Railway, operating its lines of railway under the general direction of the court, can have general advice and instructions, and, in particular cases, particular advice and instructions on application to the court. The value of such advice depends: If there are parties in interest, and they have their day in court, the advice may be decisive. But, if the matter is *ex parte,* the value of the advice depends largely upon the information and ability of the judge, and is probably binding only on the receivers, for the judge may change his mind on hearing full argument.

---

[1] Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

Under section 4 of the interstate commerce law, relating to the charges for the long and short haul, it seems that where the circumstances and conditions are dissimilar there is no prohibition; where the circumstances and conditions are similar the prohibition attaches; and that where it is difficult to point out clearly the circumstance or condition which produces dissimilarity, the doubt should go in favor o' the object of the law, and the circumstances and conditions should be taken as substantially similar. Where the circumstances and conditions are similar, or substantially similar, and the result to the carrier is injurious, relief can be had only through the commission.

The bulk of the petition presented, of the evidence, and of the master's report, is an argument against the interstate commerce act, and a rather vivid showing of the disastrous effects of an enforcement of the act with the popular construction given to the long and short haul clause, so far as the lines of the Texas & Pacific Railway are concerned; and if any specific question is presented for the answer of the court, it is whether competition between carriers is a circumstance or condition of the carriage in the sense in which those words are used in the fourth section of said law.

The effect of the enforcement of the law upon the particular property in the hands of the receivers need not be considered, when the whole question is one of how to comply with the law. That competition, the life of trade, cuts an important figure in the conditions and circumstances attendant upon transportation of property and passengers, cannot well be overlooked nor denied. Nor can it well be denied that, as between the short and long haul, competition may exist to that extent that what would otherwise be similar circumstances and conditions will be dissimilar circumstances and conditions. Whether in any particular case there is that competition on the long haul that will justify a lower charge for the long haul than as charged for the short haul, under otherwise similar circumstances and conditions, must be determined on the facts of the particular case; keeping in mind that, where the matter is not clear, the object and the policy of the law should prevail.

As to competition and its effects, and generally as to the questions under the said interstate commerce act, the receivers are referred to the late decision of the commission upon the petition of the Louisville & Nashville and other railroads, rendered June 16th instant. This decision is elaborate and well considered, and answers all the points made by receivers' petition herein as specifically as their general nature will permit.

The lights furnished by the commission, with a disposition to enforce the law, (giving the same an enlightened and liberal construction, to the end that the mischiefs at which the law is aimed may be prevented without unnecessary injury to any species of property,) ought to be sufficient to guide any railroad traffic manager, and to enable him to protect himself and his company against any serious complaint of unjust discrimination or unlawful conduct.