STATE SASH & DOOR MANUFACTURING COMPANY *vs.* ELIZABETH W. ADAMS and another.

November 25, 1891.

**Amendment of Findings after Appeal Taken.**—A trial court has jurisdiction, after appeal from a judgment, until the return is transmitted to this court, to correct mistakes and omissions in its findings, so as to make them conform to the decision actually made.

Certain unimportant points disposed of.

Two actions to enforce mechanics' liens, brought in the district court for Hennepin county, and tried by *Lochren*, J., pursuant to whose findings judgments were entered in each case, establishing a lien in plaintiff's favor for $282.32, the value of the materials furnished, and costs taxed at $33.33, making $315.65, and directing a sale, etc. Defendants appeal from the judgments, and also from orders made after their appeals from the judgments were taken, directing amendments of the findings as stated in the opinion.

*Fred. W. Reed,* for appellants.

*F. C. Brooks* and *Molyneaux & Peterson,* for respondent.

MITCHELL, J.   Exceedingly loose and careless practice on part of plaintiff's attorneys in the court below has furnished defendants' counsel an opportunity to raise numerous points, all of which are purely technical, not going to the real merits of the cases, and none of them, as we think, well taken.   The proceedings in each action are, in substance, the same, except as respects a difference in one of the parties defendant, and in the description of the property affected. Hence both cases may be considered together.   They were actions to enforce mechanics' liens for material furnished by the plaintiff to defendant Kieran, as contractor with defendant Adams as owner, for the construction of houses on the land of Adams.   In the one case defendant Ellis, and in the other defendant Nash, had a mortgage on the premises, alleged to be subsequent to the liens of the plaintiff.   All the defendants appeared in the actions before judgment except Kieran, Ellis, and Nash, upon whom the summons was served by publication on the ground of non-residence.   About two months after judgments were rendered in the actions, Ellis and Nash, respectively, appealed from the judgments; Adams, the owner of the premises, joining in the appeals.   After these appeals were perfected, but before the returns were made to this court, upon motion of plaintiff's attorney, and on notice to all the parties who had appeared in the actions, and upon affidavit showing that the judge who tried the causes requested plaintiff's attorney to draw findings in accordance with the complaints, that in doing so the attorney had by mistake drawn them so as to state that plaintiff furnished the material to Adams, the owner, instead of to Kieran, the contractor, and omitted to state that Kieran was erecting the buildings under a contract with Adams,—the court (the same judge who tried the causes) made orders amending the findings to correct the mistake and supply the omission referred to, so as to make them conform to the actual decision of the court; and further ordering that such amended and additional findings be filed and made part of the judgment-roll *nunc pro tunc* as of the date of the filing of the original findings.

We have no doubt of the power of the court after judgment, and even after an appeal from the judgment, but before the return.

thereon is made to this court, to correct its record so as to conform to the facts and to the decision which the court actually made. The amendment (Laws 1876, c. 49) to Gen. St. 1878, c. 66, § 125, doubtless enacted in view of such decisions as *Grant* v. *Schmidt,* 22 Minn. 1, greatly enlarged the powers of a trial court in such matters. *Swanstrom* v. *Marvin,* 38 Minn. 359, (37 N. W. Rep. 455;) *Pratt* v. *Pioneer Press Co.,* 32 Minn. 217, (18 N. W. Rep. 836, and 20 N. W. Rep. 87.) The last case cited fully covers the present case.

The determination of this question disposes of the appeals from the orders, and about all that there is in the appeals from the judgments. The objection urged to the affirmative relief granted to the defendants Smith & Co. is based mainly upon the false assumption of fact that they did not appear in the actions. Moreover, as the appellants have failed to make Smith & Co. parties to these appeals, the correctness of the judgments in their favor cannot be considered here.

There is nothing in the point that under the lien law of 1889 the plaintiff, instead of bringing these actions, should have appeared as a party in the actions brought by defendants Smith & Co. and Magnuson and Carlson to enforce their liens on the same premises. It does not appear whether those actions were brought before or after plaintiff's actions. Moreover, whatever would be the proper remedy where separate actions are brought to enforce different liens against the same property,—whether a motion to consolidate the actions or to dismiss those brought last,—the objection cannot be raised in the first instance by appeal from the judgment.

The other points raised by the assignments of error are not of sufficient importance to call for special notice. As to some of them the defendants have evidently mistaken their remedy, if they have any.

Judgments and orders affirmed.

---

On appeal from the clerk's taxation of costs the following decision was made:

*By the Court.* The respondent shall be allowed statutory costs only in the appeals from the orders amending the findings. Had our attention been called to the matter, we would have so directed in the original opinion.