GEORGIETTA BECKETT v. NORTHWESTERN MASONIC AID ASSO-
CIATION.[1]

January 22, 1897.

Nos. 10,285—(235).

**New Trial.**

*Held*, the district court has power to set aside an order granting a new trial on the ground that such order was erroneously granted, at least, if set aside before the time to appeal from it expires.

**Action by Guardian—Amendment.**

The complaint duly alleged that the probate court appointed G. B. guardian of the infant plaintiff, A. B. The plaintiffs were named in the title of the complaint as "G. B., in Her Own Behalf, and as Guardian of A. B." *Held*, the court might, after verdict, grant leave to amend such title, so as to read "G. B., in Her Own Behalf, and A. B., by G. B., His Guardian."

**Witness—Cross-Examination.**

*Held*, the widow and beneficiary of the insured could not, on cross-examination, in an action brought by her on the life insurance policy, be questioned as to statements made to her by her deceased husband in his lifetime.

[1] Reported in 69 N. W. 923.

### Suicide—Experiments.

The insured was found dead, with a bullet hole in the back of his head, and a revolver in his hand. The defense to the action was that he committed suicide. There was evidence tending to. prove that there were no powder marks around the wound. *Held*, for the purpose of rebutting the theory of suicide, it was competent to prove experiments made in discharging the same revolver loaded with similar cartridges, and noting at what distances from the muzzle of the revolver the object fired at was found to be singed or powder-burned.

### Expert.

*Held*, whether a witness is sufficiently qualified as an expert is a question of fact for the trial court, and an appellate court will not hold the ruling thereon erroneous unless it is clearly so.

### Proof of Death—Contradiction.

The policy required proofs of death to be furnished to the insurer, but did not state what such proofs should contain. *Held*, plaintiff could, on the trial, explain and contradict statements made in such proofs as to the manner of death.

### Verdict Sustained.

*Held*, the verdict is sustained by the evidence.

Appeal by defendant from two orders of the district court for Hennepin county, Pond, J., the one granting plaintiffs a rehearing and setting aside a previous order which granted defendant a new trial, and the other denying defendant's motion for a new trial, after a verdict in favor of plaintiffs for $1,033.65. Affirmed.

*J. H. Randall* and *F. A. Gilman*, for appellant.

*Child & Fryberger*, for respondents.

The appeal from the trial court's order granting a rehearing of the motion for a new trial should be dismissed. If the trial court had no jurisdiction to make the order it is not reviewable by appeal therefrom. An order granting a rehearing is an interlocutory order. It is not an order involving the merits or affecting a substantial right. Flischmann v. Stern, 90 N. Y. 110; Jones' Appeal, 99 Pa. St. 132; 2 Enc. Pl. & Pr. 93; Little v. Leighton, 46 Minn. 201, 48 N. W. 778; Dodge v. Bell, 37 Minn. 382, 34 N. W. 739; St. Cloud v. Karels, 55 Minn. 155, 56 N. W. 592; Chouteau v. Parker, 2 Minn. (95) 118; McMahon v. Davidson, 12 Minn. (243) 366. There is no merit in the appeal from the order. The district courts of this state have ample

power to set aside their own orders or judgments. G. S. 1894, § 5267; First Nat. Bank v. Briggs, 34 Minn. 266, 26 N. W. 6; Meister v. Russell, 53 Minn. 54, 54 N. W. 935; Coburn v. Life I. & I. Co., 52 Minn. 424, 54 N. W. 373.

The trial court's order amending the title of the action was an intermediate order, and not having been made on the trial and not appearing in the settled case and being unappealed from, is not properly reviewable now in this court.

Where suicide or any other defense is to be proved entirely by circumstantial evidence, such defense is not established, so as to take the case from the jury, so long as reasonable men might reasonably draw different conclusions from the evidence. Washburn v. Nat. Accident Soc., 10 N. Y. Supp. 366; Home Benefit Assn. v. Sargent, 142 U. S. 697, 12 Sup. Ct. 332; Travelers' Ins. Co. v. Nitterhouse, 11 Ind. App. 155, 38 N. E. 1110; Leman v. Manhattan L. I. Co., 46 La. Ann. 1188, 15 So. 388; Phillips v. Louisiana E. L. I. Co., 26 La. Ann. 404; Germain v. Brooklyn L. I. Co., 26 Hun, 604; Continental Ins. Co. v. Delpeuch, 82 Pa. St. 225; Keels v. Mutual R. F. L. Assn., 29 Fed. 198; Ingersoll v. Knights, 47 Fed. 272; Hale v. Life I. & I. Co., 61 Minn. 516, 63 N. W. 1108; Bennett v. Syndicate Ins. Co., 39 Minn. 256, 39 N. W. 488.

CANTY, J. This is an action on a life insurance policy which provides that, "if the insured shall die by his own hand or act, whether sane or insane, within three years from the date of this policy," the policy shall be void. He died within the three years after the date of the policy, and the defense is that he died by his own hand. On April 13, 1895, he was found dead, lying on some dry leaves, among some scattering trees on the outskirts of a farm. The body was lying on the face, leaning a little towards the left side, with a bullet hole about an inch and a quarter back of the right ear, just at the edge of the hair above the back of the neck. A revolver was held loosely in the right hand. On the trial plaintiff had a verdict. The court, on defendant's motion, granted a new trial, then ordered a rehearing of the motion, then set aside the order granting a new trial, and then heard again the motion for a new trial on its merits, and denied it. Defendant appeals from the order setting aside the order granting a new trial, and also from the last order made, denying a new trial.

1. On the authority of Grant v. Schmidt, 22 Minn. 1, Semrow v. Semrow, 23 Minn. 214, and Weld v. Weld, 28 Minn. 33, 8 N. W. 900, appellant contends that the court below exhausted its jurisdiction when it granted the motion for a new trial, and had no power subsequently to set the order aside. In answer we will say that in 1876, after the first two of those cases arose, the statute [2] was amended so as to add the following provision to the section:

"* * * And the court may, as well in vacation and out of term as in term, and without regard to whether such judgment or order was made and entered or proceedings had, in or out of term, upon good cause shown, set aside or modify its judgments, orders or proceedings, although the same were made or entered by the court or under or by virtue of its authority, order or direction. * * *"

This was clearly intended to do away with the rule of law laid down in the Grant case. The case of Weld v. Weld arose after this amendment, but the court in a dictum approved the Grant case, evidently without having its attention called to the amendment. In the case at bar, the order granting a new trial was set aside before the time to appeal from it expired, and we are clearly of the opinion that said amendment gave the court below authority to set it aside, if deemed erroneous. State S. & D. M. Co. v. Adams, 47 Minn. 399, 401, 50 N. W. 360.

2. The policy was made payable to the surviving widow of the insured "and his surviving children equally." He left but one child, Arthur Beckett, a minor. The title of the complaint named the plaintiffs as "Georgietta Beckett, in Her Own Behalf, and as Guardian of Arthur Beckett, an Infant." The court, after granting the motion for a new trial, allowed plaintiffs to amend the title of the action, so as to state the plaintiffs as "Georgietta Beckett, in Her Own Behalf, and Arthur Beckett, by Georgietta Beckett, His Guardian." This is assigned as error. We are of the opinion that the amendment was properly allowed. The complaint duly alleged that Georgietta was by the probate court appointed guardian of Arthur, and the defect in the title was a mere matter of form, which did not go to the merits. Perine v. Grand Lodge, 48 Minn. 82, 50 N. W. 1022; Bliss, Code Pl. § 145.

3. The court did not err in refusing to permit defendant to cross-

[2] G.-S. 1866, c. 66, § 105.   See G. S. 1894, § 5267.

examine the widow as to statements made to her by the insured in his lifetime. G. S. 1894, §§ 5660, 5662, subd. 1.

4. Plaintiffs, for the purpose of proving that the deceased had not committed suicide, introduced evidence tending to prove that there were no powder marks around the wound in the back of his head, and then introduced evidence of experiments made after his death, with the revolver found in his hand, and similar cartridges, to show the distance from the muzzle of the revolver at which hair and other substances were singed and powder-burned when the revolver was discharged at them. The court overruled defendant's objections to this evidence, and this is assigned as error. We are of the opinion that the evidence was competent.

5. Defendant assigns as error the overruling of its objections to the evidence given by various expert witnesses produced by plaintiffs, on the ground that it did not appear that they were sufficiently qualified as experts to testify. The only one of these rulings worthy of mention is that as to the young physician who testified that he was then practicing medicine, had graduated the year before at a medical college, and had given the question on which he was called special study. As has often been held by this court, the competency of an expert is a question of fact for the trial court, and an appellate court will not hold the finding of the trial court erroneous unless it is clearly so. The trial court did not err in holding the witness competent to testify as an expert.

6. Defendant assigns as error that the court charged the jury that plaintiffs could explain or contradict statements made in the proofs of death furnished by her to defendant. This has reference to statements as to the manner of death, not to the fact of death itself, or the time of death. We find nothing in the record showing what such proofs of death shall state, except the provision in the policy that the insurance money is payable "within ninety (90) days after receipt of satisfactory proofs of the death of said insured." We see no reason why the plaintiffs may not explain or contradict any such statement as to the manner of death as well as they can explain or contradict any other mere statement against their interest.

7. The remaining questions raised all go to the sufficiency of the evidence to sustain a verdict. The defendant claims that the evidence is conclusive that the insured died by his own hand. The

circumstances tend strongly to prove suicide, but we cannot say that they are conclusive. The burden of proof was on defendant to establish its defense. There is, as before stated, a conflict of evidence as to whether or not there were powder marks around the wound. There is a conflict of evidence as to whether one or two cartridges had been discharged from the revolver found in the hand of deceased. But one bullet wound was found on the body. Expert evidence was introduced tending to prove that it is very rarely that a suicide inflicts a wound on himself on the back of his person. Again, both parties are silent on this appeal as to the ownership of the revolver in question. We are of the opinion that the evidence does not conclusively prove suicide.

The orders appealed from are affirmed.