THOMAS GALLAGHER v. IRISH-AMERICAN BANK and Others.

March 5, 1900.

Nos. 11,879—(183).

**Judgment—Material Modification—G. S. 1894, § 5267.**
In an action against stockholders to recover for creditors, under G. S. 1894, § 5903, a motion to modify the judgment, after it has been entered, so as to change the amounts distributed to each of such creditors, is authorized solely by the provisions of G. S 1894, § 5267.

**Modification during Time for Appeal.**
Before the time for taking an appeal from such judgment has expired, the court in which it was entered has authority, under such statute, upon cause shown, to modify, vacate, or set aside the same.

**Modification after Time for Appeal.**
But such right is limited in time to six months (except in cases of mistake, surprise, etc., otherwise provided for in the statute) after the entry of such judgment, and the same in all respects becomes res judicata after such period has expired.

Action in the district court for Hennepin county to enforce the liability of stockholders in defendant bank. Judgment was entered in favor of plaintiff and the intervening creditors, determining and adjudging the liability of the stockholders. From an order

denying a motion to modify the judgment, W. D. Hale, as receiver of the American Savings & Loan Association, one of the intervening creditors, appealed.    Affirmed.

*Hay & Van Campen*, for appellant.

*Fred W. Reed, Wm. H. Donahue, S. Meyers, Weed Munro* and *George R. Robinson*, for respondents.

LOVELY, J.

The Irish-American Bank became insolvent, and made an assignment under the insolvency laws of this state.    Its avails liquidated only 35 per cent. of its debts in that proceeding, and this action was brought by plaintiff for himself and other creditors, under the statute (G. S. 1894, § 5903, et seq.), to recover from the stockholders the deficiency.    Some time after the commencement of this action, W. D. Hale was, upon proper cause, permitted to intervene therein for the American Savings & Loan Association, and, setting up a claim for that company, asked to be allowed to participate in the benefits of the pending suit.    Such proceedings were had that the stockholders were held liable to the creditors of the bank for double the amount of their respective holdings of stock, for debts due before August 1, 1895, and for an equal amount thereafter, which latter rating of liability was based upon the statute (Laws 1895, c. 145), changing the obligation of stockholders for corporate debts by its terms from double to single liability, to take effect after July 31 of that year.

A referee was appointed to ascertain and report the facts as to number of stockholders and creditors, the amount of respective liabilities, as well as claims of each, and upon the report of such referee—which was accepted—the court determined as a conclusion of law, inter alia, "that there is due from the Irish-American Bank to plaintiff and each of said creditors sixty-five per cent. of the sum set opposite his name in said Schedule B" (which contained the names of all the creditors reported by the referee), except the amount due upon the claim represented by the intervenor, which was substantially reduced in amount, and a stay of thirty days was granted, after which judgment was ordered to be entered upon the findings of the court.

October 21, 1898, judgment was duly entered in favor of the plaintiff and intervening creditors for an aggregate indebtedness of $192,420.03, of which amount $75,096.35 was adjudged to have accrued before the stockholders' liability had been reduced by the statute referred to. By this judgment the stockholders were, in terms, held to the creditors of the bank for double the amount of their stock, where the debts accrued before the statute took effect; and in cases of transfers the transferrors were held secondarily liable for a like amount; and it was further adjudged that the liability of all stockholders should be one-half of the amount of their ·estimated pro rata obligations previous thereto on debts accruing after the statute took effect. The defendant W. H. Donahue was appointed receiver to collect and distribute all moneys by enforcement of the judgment, and now has in his hands in round numbers $29,000, to be divided among the creditors. A large portion of this sum was obtained from stockholders on account of debts incurred before August 1, 1895, when their double liability was reduced one-half by the statute; but in the judgment no distinction was recognized in the amounts which any of the creditors were to receive whether his claim existed before or after the change in the liability. All were adjudged to share alike pro rata to the extent of 65 per cent. of the sums collected of the stockholders according to the schedule, which in this respect follows the conclusions of the court ipsissimis verbis, and in the concluding paragraph such judgment provides that the court may

"Make any further order necessary for the furtherance of justice or equity not inconsistent herewith."

It does not appear from the return that any objection was made to the judgment for any cause until eight months and more after the same was entered of record, when, upon an order to show cause, based upon affidavits of counsel setting out in detail the facts heretofore stated, it was, in behalf of the intervenor, moved

"That the records and judgments herein be modified, amended, and corrected by adjudging the existing creditors who were creditors on the 31st day of July, 1895, entitled to share pro rata, and to the exclusion of all other creditors, in 50 per cent. of the fund in the

hands of the receiver herein, and further to share pro rata with all other creditors in the residue of said fund," etc.

This motion, after hearing, was denied by the court below, and it is from the denial thereof that this appeal brings the correctness of such order into this court for review.

Appellant contends, in brief, that the right of the creditors of the time when the stockholders' liability was double involves contractual relations between them and the creditors whose debts were also of the same time, and, in consequence, a double benefit on that account should inhere to such creditors, of whom intervenor was one. This claim is strenuously resisted upon several grounds; among others, that the judgment is final or res judicata of this question, and that it is too late to amend and modify its terms so as to change the distributive share of the interested parties; which claim, if well taken, disposes of this appeal, and dispenses with the necessity of considering other points discussed by respondents.

It was urged for appellant that the terms of the judgment authorizing the court to "make any further order necessary for the furtherance of justice or equity" ex vi termini justified the relief sought, which was claimed to be only a modification or correction of the original judgment, instead of a radical change in its substance. We cannot assent to this view. The authority to "modify, amend, and correct," contained in the judgment, is limited to matters "not inconsistent therewith," and there is no charm in the legal use of any word that separates from it the real essence of the purpose sought by its use. The object in this case to be accomplished by the motion was to change the rate of distribution already adjudged, which would materially increase or decrease the amount of each creditor's pro rata share from the judgment which had been entered in his favor eight months before. It seems to us that such an order would be inconsistent with the terms of the decree already entered, and would constitute such a change in the substantial rights of the parties as upon principle could not, after judgment, be accomplished under the equitable rules which have been invoked in aid of appellant. Clearly, under the authorities

applicable in such cases, the course of the aggrieved parties, there being no mistake of fact, but entirely of legal right, was by appeal, and, but for the statute, to which we shall presently refer, there was no other remedy available after the entry of judgment. 2 Daniell, Ch. Pr. § 1030; Grant v. Schmidt, 22 Minn. 1; Semrow v. Semrow, 23 Minn. 214.

Subsequent to these decisions, which prohibited interference with a judgment save by appeal, the legislature provided in express terms that a judgment might be modified or set aside by the court upon good cause shown. Amendment by Laws 1876, c. 219. See G. S. 1894, § 5267; State S. & D. Mnfg. Co. v. Adams, 47 Minn. 399, 401, 50 N. W. 360; Beckett v. N. W. Masonic A. Assn., 67 Minn. 298, 301, 69 N. W. 923. The relief sought by appellant is of such a character that it must be held, in view of this statute, and the authorities which construe it, that the judgment could, within the time limited for taking an appeal, be changed, modified, or set aside; hence the only question which remains upon this contention is whether the six-months limitation for an appeal from a judgment (G. S. 1894, § 6138) foreclosed the rights of a party from that course of procedure afterwards. It would seem as if some limitation should, for practical purposes, be placed upon the exercise of the power of the courts to modify or change their judgments. In the opinions of this court in State S. & D. Mnfg. Co. v. Adams and Beckett v. N. W. Masonic A. Assn., supra, the applications were made before the time for appealing had expired, and this fact was noted in each case as of significance, although it was not necessary to their determination. In this case time for appealing had expired when the motion was made in which the same result was sought as would have been secured by appeal from the judgment.

We cannot believe that it was intended by the legislature, in the amendment referred to, to leave open until the limitation upon the judgment itself had run the means of reversing or setting it aside, or effectually to destroy the effect of the provision of law which limits the time within which appeals from judgments may be taken; for where a judgment that has settled questions of the highest importance could not, by reason of the limitation upon the time for appeal, be reviewed, if such a rule obtained, it could

easily, upon a motion supported upon ex parte affidavits, be modified or set aside. The effect of such a ruling would be practically to nullify or repeal the statutory limitation of time for taking appeals from judgments, and, as a precedent, result in such confusion in practice, and work such havoc to vested rights accruing under the highest judicial sanction known to the law, that we cannot approve of so obviously unjust and illogical a conclusion; and we hold that, when the effort to modify or amend the judgment in this case was made, the time to appeal having expired, it was too late to grant the relief sought. Barheydt v. Adams, 1 Wend. 101.

We have not overlooked in this decision the provision of the statute that gives the court the right, in its discretion, at any time within one year after notice to relieve a party from a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect. But these were clearly not the grounds of the application in this case, where the claims of the intervenor were rested upon considerations of legal right wholly, and presented such an issue as would, but for the amendment to the statute, have been reached only by appeal; and within the views expressed above it follows that, as soon as the six months from the entry of judgment had run, within which time appellant might have presented his contention in this court by appeal, such judgment, as against a motion for the same purpose, became final and conclusive, and was res judicata of all questions that were or might have been urged against it before that time. See Manwaring v. O'Brien, 75 Minn. 542, 81 N. W. 746. This inexorable but just rule is necessary to the authority of courts to declare the law, and vitalizes their judgments with the force that gives to them efficacy.

Order affirmed.