(53 Misc. Rep. 457)

### BURGHEN et al. v. ERIE R. CO. et al.

(Supreme Court, Special Term, Erie County. February, 1907.)

**1. ACTION—JOINDER OF CAUSES—COMMON GRIEVANCE.**

In an action by a number of property owners against several railroad companies for the abatement of a nuisance and damages to plaintiffs' property caused by interference with the natural flow of water, plaintiffs were not entitled to have their separate money damages determined and awarded in the same action, since such damages did not constitute a common grievance.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Action, §§ 514, 515.]

**2. PLEADING—DEMURRER—IRRELEVANT AND REDUNDANT ALLEGATIONS—STRIKING OUT.**

A complaint in an action by a number of property owners against several railroad companies for the abatement of a nuisance and damages to plaintiffs' property, caused by interference with the natural flow of water, was not demurrable by reason of allegations therein that each parcel of land owned by the various plaintiffs was damaged in various amounts, since the allegations were at most irrelevant and redundant; the defendants' proper remedy being to have them stricken out.

**3. SAME—PRAYER FOR RELIEF.**

A complaint in an action by a number of property owners against several railroad companies for the abatement of a nuisance and damages to plaintiffs' property, caused by interference with the natural flow of water, was not demurrable because plaintiffs demanded separate money judgment, since the court could, notwithstanding the prayer for relief, render such relief as the facts warranted, and no more.

Action by Alburtha Burghen and 84 others against the Erie Railroad Company, impleaded with 7 others. On demurrer to the complaint. Demurrer overruled, with permission to answer.

Wallace Thayer, for plaintiffs.
Adelbert Moot, for defendant.

WHEELER, J. This is a demurrer by the Erie Railroad Company to the plaintiffs' complaint. The complaint alleges that the plaintiffs are the owners of various parcels or lots of real estate abutting on or adjacent to what is known as "Smokes Creek," each of the plaintiffs being the owner of a separate lot or parcel which is described and designated in the complaint. The complaint then alleges that, since the plaintiffs purchased and became the owners of their several properties, the defendant railroad companies have each erected bridges over and across the creek in question, and have so constructed the abutments thereto that the natural flow of the stream has been impeded, and its waters dammed back, thus flooding the lands of the plaintiffs and damaging the same. The complaint continues, and alleges that:

"The amount of damages which each plaintiff has suffered by reason of the overflow of his said lot as above stated in the years 1902, 1903, 1904, and 1905 is placed opposite the name of said plaintiff and the number of his said lot, respectively."

And then follows a tabulated list of the different plaintiffs, some 84 in all, the number of the lot owned by each, and the amount of alleged damage to each lot.

The prayer of the complaint asks the abatement of the alleged nuisance, "and that each of said defendants be required to pay to each of said plaintiffs as the same may be apportioned and established on this trial, each of said plaintiff's damages as established and proven, and that the plaintiffs have the costs of this action," etc.

The defendant the Erie Railroad demurs on several alleged grounds, but that particularly urged and argued is that an alleged cause of action for damages in favor of the plaintiff Alburtha M. Burghen has been improperly united with an alleged cause of action for damages in favor of each of her coplaintiffs; it being contended that a recovery by way of damages in favor of each plaintiff cannot be had. It is conceded by counsel for the demurring defendant that it is not improper for various lot owners affected by the alleged nuisance to join in an action to abate it, and this is well established by a number of well-considered cases. Strobel v. Kerr Salt Co., 164 N. Y. 323, 58 N. E. 142, 51 L. R. A. 687, citing Emery v. Erskin, 66 Barb. 9–14; Reid v. Gifford, Hopk. Ch. 416, 477; Murray v. Hay, 1 Barb. Ch. 59, 621; Blunt v. Hay, 4 Sandf. Ch. 362; Brady v. Weeks, 3 Barb. 157. In the Strobel Case it is said that:

"While each owns a distinct piece of land situated upon a part of the stream separate from that abutted by the land of every other owner, they have a common grievance against the defendant for an injury of the same kind, inflicted at the same time, and by the same acts. The common injury, although differing in degree as to each owner, makes a common interest and warrants a common remedy."

So, too, it is held that the different defendants were properly joined as defendants in the action, as the allegation is that each has contributed toward the creation of the alleged nuisance. Warren v. Parkhurst, 186 N. Y. 45, 78 N. E. 579; Meyer v. Phillips, 97 N. Y. 485, 49 Am. Rep. 538. See, also, N. Y. C. & H. R. R. Co. v. Schuyler, 17 N. Y. 592. We are not aware, however, that the courts have gone to the extent of holding that in an action brought by a number situated as these plaintiffs are they can in the same action have their separate money damages determined and awarded. It cannot be said as to the damages suffered by each that the plaintiffs have a common grievance. On the contrary, while the right to abate the nuisance is a common one, the damages of each are separate and distinct; and is a question in which the other coplaintiffs have no interest, and cannot be heard on the trial. Therefore claims for such damages ought not to be litigated or disposed of in an action of this character, and this seems to be the law as established by the decisions of the courts. In Brady and Others v. Weeks, 1 Barb. 157, an action was brought by various owners of neighboring property to abate a nuisance caused by the maintenance of a slaughter house, and the court held it was proper to unite the owners as parties plaintiff by reason of their common interest, but the court at the same time also held that the bill was rendered multifarious by inserting therein, in addition to the prayer to restrain, a prayer that the defendants be decreed to pay the plaintiffs, respectively, the damages they had sustained by the nuisance. See, also, Murray v. Hay, 1 Barb. Ch. 65; Peck v. Elder, 3 Sand. 126; Davidson v. Isham, 9 N. J. Eq. 186; Demarest v. Hardham, 34 N. J. Eq. 469;

Rowbotham v. Jones, 47 N. J. Eq. 337, 20 Atl. 731, 19 L. R. A. 663.
I therefore conclude that in this action the various plaintiffs cannot
recover their separate damages, but their relief is confined to the abate-
ment of the alleged nuisance in which all have a common interest.

Assuming, therefore, that there can be no recovery of the individu-
al damages alleged to have been sustained by the different plaintiffs,
is the complaint for that reason demurrable? I think not. The alle-
gations of the complaint that each parcel of land owned by the various
plaintiffs was damaged in various amounts does not in my judgment
necessarily amount to an allegation of a separate and distinct cause
of action. These allegations may perhaps be deemed proper as show-
ing that all the plaintiffs have a common interest in the abatement of
the nuisance complained of and a right to a decree to that effect. At
the most, these additional allegations are irrelevant or redundant, and
the remedy of the demurring defendant would be to strike them out
under sections 545 and 546 of the Code of Civil Procedure.

Nor does the fact that the plaintiffs demand separate money judg-
ment change the case. The prayer for relief, however broad, does
not make a complaint demurrable. The court, notwithstanding the
extent of the prayer, may render such relief, and no more, as the facts
proven warrant.

The demurrer is therefore overruled, with permission to the de-
murring defendant to answer within 20 days after service of a copy of
the judgment to be entered hereon, upon the payment of costs of this
demurrer.