and that the adjournment then consented to was taken with the clear understanding of both parties that the only question open was the legal effect of a draft contract. It is true that the plaintiff testifies that he had theretofore communicated all of the terms over the telephone to the defendant, who accepted them; but this is denied by the defendant, and his denial is strengthened by the letter put in evidence by the plaintiff, which defendant wrote confirming the acceptance, which restates terms definitely, but makes no mention of any release clause.

That witnesses differ materially does not necessarily lead to the inference that some of them are perjurers. When testimony is as to words, and not facts, it is common knowledge with us that the variances of witnesses equally honest are wide. The memory of one is more retentive than another. The memory of one is more impressed with some expression than another. Witnesses recall, not record or reproduce, and often arrive at different conclusions of what the parties meant or concluded by their language as the witnesses then understood their words or thereafter recall them. It is hard to find two witnesses who will agree as to the precise conclusion reached as the result of a long discussion, when the conclusion has not been finally stated or definitely recorded.

I advise a reversal of this judgment and the ordering of a new trial; costs to abide the event. All concur, except HOOKER, J., who dissents.

---

(123 App. Div. 204.)

### BURGHEN et al. v. ERIE R. CO. et al.

(Supreme Court, Appellate Division, Fourth Department. January 8, 1908.)

1. INJUNCTION—COMPLAINT—INJUNCTION AND DAMAGES—JOINDER.

    A complaint in an action to restrain the continuance of a nuisance, to the creation of which the separate acts of several defendants had contributed, is not demurrable as being multifarious for uniting a demand for equitable relief and a demand for damages already sustained.

2. ACTION—JOINDER OF CAUSES—PARTIES.

    Where several riparian owners unite in an action against several defendants to restrain them from maintaining bridges so as to flood plaintiffs' lands and for damages for the injury that has already resulted therefrom, it is a misjoinder of causes of action, precluding recovery.

Appeal from Special Term, Erie County.

Action by Alburtha M. Burghen and others against the Erie Railroad Company and others. From an interlocutory judgment (53 Misc. Rep. 460, 103 N. Y. Supp. 292), overruling a demurrer to the complaint, defendant railroad company appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

William L. Marcy (S. Fay Carr, on the brief), for appellant.
Wallace Thayer, for respondents.

ROBSON, J. The complaint to which demurrer is interposed is made by a large number of plaintiffs, who own in severalty parcels of land abutting on, or adjacent to, a natural stream of water known as "Smokes Creek." They join in charging that the individual property

of each has been damaged by the overflow of the waters of the creek, caused by the unauthorized erection and maintenance by each of the defendants of a bridge across the creek, with abutments thereto, so constructed as to impede the natural flow of the stream and dam back its waters, thus flooding plaintiffs' lands and causing damage thereto. The complaint further sets out in tabulated form the specific amount of damages which it is claimed each plaintiff "has suffered by reason of the overflow of his said lot as above stated in the years 1902, 1903, 1904, and 1905." It also contains allegations as to future damages, upon which the application for equitable relief is based. The prayer for relief is specifically that defendants be required to abate the nuisance and remove the obstructions complained of, "and that each of said defendants be required to pay to each of said plaintiffs, as the same may be apportioned and established on this trial, each of said plaintiff's damages as established and proven."

The action as disclosed by the complaint, which we have summarized, appears to be one in equity to procure abatement of an alleged nuisance, and in addition to recover the separate damages which plaintiffs claim to have suffered by reason of its maintenance by defendants up to the time the action was begun. That a complaint in an equitable action to restrain the continuance of a nuisance, to the creation of which the separate acts of several defendants had contributed, is not, "considered as a bill in equity," demurrable on the ground of multifariousness because in it plaintiff had united with his cause of action for equitable relief a demand for damages already suffered by reason of the nuisance, was held in Warren v. Parkhurst et al., 186 N. Y. 45, 78 N. E. 579, 6 L. R. A. (N. S.) 1149.

The only other ground of demurrer which it is necessary to consider is, as stated by the court at Special Term:

"That an alleged cause of action in favor of the plaintiff Alburtha M. Burghen, has been improperly united with an alleged cause of action for damages in favor of each of her coplaintiffs; it being contended that a re-covery by way of damages in favor of each plaintiff cannot be had."

The court at Special Term determined, as we believe correctly:

"That in this action the various plaintiffs cannot recover their separate damages, but their relief is confined to the abatement of the alleged nuisance in which all have a common interest."

The reasons for arriving at that conclusion are clearly and concisely stated as follows:

"We are not aware, however, that the courts have gone to the extent of holding that, in an action brought by a number situated as these plaintiffs are, they can in the same action have their separate money damages determined and awarded. It cannot be said, as to the damages suffered by each, that the plaintiffs have a common grievance. On the contrary, while the right to abate the nuisance is a common one, the damages of each are separate and distinct, and is a question in which the other coplaintiffs have no interest, and cannot be heard on the trial. Therefore claims for such damages ought not to be litigated or disposed of in an action of this character, and this seems to be the law as established by the decisions of the courts"—citing Brady et al. v. Weeks, 3 Barb. 157; Murray v. Hay, 1 Barb. Ch. 59, 43 Am. Dec. 773; Peck v. Elder, 3 Sandf. 131; Davidson v. Isham, 9 N. J. Eq. 186; Demarest v. Hardham, 34 N. J. Eq. 469; Rowbotham v. Jones, 47 N. J. Eq. 337, 20 Atl. 731, 19 L. R. A. 663.

The court, however, has determined that the allegation of the complaint, that each parcel of land owned by the various plaintiffs was damaged by the existence of the alleged nuisance in the several amounts specifically alleged in the complaint, does not amount necessarily to an allegation of a separate and distinct cause of action, and may be deemed proper as showing that all the plaintiffs have a common interest in the abatement of the nuisance complained of and a right to a decree to that effect, and concludes that at the most these allegations are irrelevant or redundant. With this conclusion we are unable to agree. If the plaintiff Burghen had alone brought this action against these same defendants, as concededly she might have done, and had pleaded the same facts as her cause of action, excluding those only by which her coplaintiffs are now connected therewith, we think there could be no question but that she would have pleaded a cause of action on its face entitling her, not only to equitable relief for the abatement of the nuisance complained of, but also to an award of such damages as she should prove she had already sustained because of the nuisance. Warren v. Parkhurst, supra. Instead of each plaintiff bringing a separate action to enforce his individual rights, they have chosen to unite in one action, by which they clearly seek, not only to obtain the abatement of the nuisance, in which relief they all have a common interest, but in addition thereto their several damages which the maintenance of the nuisance by defendants has occasioned. Whether the separate allegations upon which a demand of judgment for damages is based amount to the statement of a separate and distinct cause of action, or whether they are simply a statement of a part of a single cause of action, which each plaintiff, if suing alone, could have pleaded and recovered for, with the equitable relief for abatement of the nuisance, can make no difference in disposing of this case; for, in either event, so far as the damages are concerned, whether the claim therefor be a separate cause of action in favor of each plaintiff or a part of the cause of action alleged to exist in favor of each of them, to that extent at least the cause of action sought to be alleged for each separate plaintiff is one in which the other plaintiffs have no concern.

Interlocutory judgment reversed, with costs, and demurrer sustained, with costs, with leave to plaintiffs, on payment of costs in this court and the court below, to make and serve an amended complaint herein. All concur.