## J. E. PULVER v. COMMERCIAL SECURITY COMPANY.[1]

January 5, 1917.

Nos. 20,005—(163).

**Modification of ex parte order — estoppel — laches.**

On the petition of appellant Security Company, consented to by the receivers of defendant Piano Company, the court in which the receivership proceedings were pending, *ex parte*, and without notice to defendant or its creditors, in May, 1913, made an order directing the receivers to pay over to the petitioners moneys then in their hands as the proceeds of contracts for the sale of pianos made by defendant with its customers, and all further sums that should be received on account of such contracts. The receivers complied with this order. Some three years after it was made, on the application of the receivers, the court vacated this order. It is *held*:

(1) If the order of May, 1913, was an adjudication that the Security Company owned the piano contracts, the right of the Piano Company or its creditors to appeal from such order, if such right existed, has never been limited, and has not been cut off. The receivers had no right of appeal. The court therefore still had power, for good cause shown, to modify or vacate the order. The cause shown was sufficient.

(2) Such an order, made *ex parte*, and without giving interested parties an opportunity to be heard, is a protection to the receiver, but is not a binding adjudication as against such interested parties so that it may not be modified or vacated if the court concludes after a hearing that it was erroneous.

(3) The evidence does not show that the vacation of the order will seriously affect intervening rights of third persons or cause loss to appellant that it would not have suffered had the order never been made.

(4) The order appealed from is not an interference with the jurisdiction of the Federal Court.

(5) Neither the doctrine of estoppel nor that of *laches* applies.

Action in the district court for Hennepin county for the appointment of a receiver for defendant corporation. After receivers had been ap-

[1]Reported in 160 N. W. 781.

pointed, and upon application of Commercial Security Company, on May 26, 1913, they were ordered to pay to applicant moneys collected and to be collected by them from monthly payments upon piano contracts. The further history of the litigation is stated in the opinion. On May 10, 1916, John M. Bradford, as receiver, obtained an order to show cause why the court should not vacate its order directing the payment of moneys to Commercial Security Company. The petition was heard before Hale, J., who vacated the order of May 26, 1913. From that order Commercial Security Company appealed. Affirmed.

*John T. Vooz* and *Chester L. Caldwell,* for appellant.

*Morphy, Bradford & Cummins,* for respondent.

BUNN, J.

On the complaint in this action and an answer by defendant admitting its allegations, George D. Norris and John M. Bradford were on May 2, 1913, appointed receivers of Segerstrom Piano Manufacturing Company, the defendant. In the course of the receivership large sums of money came into the hands of the receivers, the proceeds of instalment contracts for the sale of pianos by the company to individual customers. The Commercial Security Company claimed to own all of these contracts under an alleged sale thereof by the Piano Company, and made the claim to the receivers. The receivers believed that the claim was valid, but desired an order of the court before paying over to the Security Company the sums already received or those that should thereafter come into their hands. Thereupon the Security Company, through a member of the bar who was the law partner of one of the receivers, presented to one of the judges of the Hennepin county district court a petition for an order authorizing the receivers to pay to petitioner any moneys then in their hands as proceeds of such contracts and any and all further sums which might be received by them on account of such contracts. The receivers indorsed on the petition their consent to the order asked for, and such order was made and filed May 26, 1913. There was no notice to creditors of the application for this order.

After the entry of this order the receivers complied with its terms, turning over to the Security Company the funds on hand which were the proceeds of such contracts, and from time to time the sums thereafter

collected. The Security Company has, in reliance upon the order, made divers settlements, and pledged all of the contracts as security for bonds which it has issued and sold. The receivers at all times prior to February 16, 1915, acknowledged the contracts to be the property of the Security Company, and treated them as such. In September, 1914, John M. Bradford, then sole receiver, petitioned the court for authority to compromise a claim made by Roland A. Crandall, president of the Security Company, against the insolvent estate, the terms of the compromise proposed being that Crandall should withdraw all claims against the estate, and that the receiver should waive any and all claims which he or the estate might have in the piano contracts. At the hearing certain creditors objected to the proposed settlement, and on September 30, 1914, the court entered an order denying the receiver authority to make the settlement, reciting that it appeared to the court that there were serious doubts as to the legality of the instrument which purported to transfer the piano contracts to the Security Company, and directing the receiver to bring an action against the Security Company to have determined the rights of the Piano Company under the contract. Thereafter various creditors petitioned the court to reconsider this order. Their petition was denied February 16, 1915. Pursuant to the order Mr. Bradford, as receiver, commenced an action against the Security Company in the Ramsey county district court. This action was removed to the United States District Court for the District of Minnesota. The defendant therein answered on March 14, 1916, pleading in bar, as *res adjudicata* of the issues involved, the order of May 26, 1913, authorizing the receivers to turn over to the Security Company the proceeds of the piano contracts. To destroy the force of this plea, the receiver petitioned the Hennepin county district court to vacate the order of May 26, 1913, as being procured through fraudulent representations on the part of the representatives of the Security Company, and as purely an administrative order, made without a hearing on the merits, and through inadvertence and mistake of the facts. This petition was heard pursuant to an order to show cause, affidavits in support of the petition were presented and the Security Company presented affidavits in opposition. The court, on May 30, 1916, made its order vacating, annulling and in all things setting aside the order of May 26, 1913. The case

comes to this court on the appeal of the Security Company from this order of May 30, 1916.

The order appealed from is assailed by vigorous, earnest and able arguments on the part of counsel for appellant. It is insisted that, after the lapse of three years, the court was without power or authority to vacate or modify the order of May, 1913. Counsel seek to have applied the rule that a judgment cannot be set aside or modified after the time for taking an appeal therefrom has expired. Gallagher v. Irish-American Bank, 79 Minn. 226, 81 N. W. 1057; Tomlinson v. Phelps, 93 Minn. 350, 101 N. W. 496. It is conceded, as of course it must be, that this rule does not prevent setting aside a judgment or order on the ground that it was procured through fraud, or through the clerical mistake or misprision of the court.

In our opinion the statute invoked has no application to an order like the one in question. It was made without notice to the creditors of the Piano Company or to that company. These were the parties whose interests were affected by the order, the only parties who could have appealed from it. The order was in the nature of a direction by the court to its officers, on the application of the Security Company, for instructions as to how to act on a very important matter.

There can be no doubt, if we grant the power of the court, that the showing of mistake or inadvertence was sufficient to warrant the exercise of its discretion. We must here assume that the contract between the Piano Company and the Security Company did not give the latter company the right to receive the proceeds of the contracts between the Piano Company and its customers, and that, in assuming that the contract was a valid and absolute transfer of these piano contracts, the receivers, and perhaps the representatives of the Security Company, were mistaken, and the court in making the order acted inadvertently. If the order was an adjudication, as between the creditors of the Piano Company and the Security Company, that the contract was an absolute and valid transfer, and if the time for an appeal by the creditors or by the Piano Company has expired, it would be beyond the power of the court to now correct its error by vacating the order. But conceding that the order was intended to be and was such an adjudication, and that the creditors or the Piano Company had the right to appeal, if the time within which such

135 M—19

an appeal might be taken has not expired, the court could, for good cause shown, modify and set aside the order. G. S. 1913, § 7786; Gallagher v. Irish-American Bank, 79 Minn. 226, 81 N. W. 1057. The same result would follow if it were held that the order was not appealable. The contention seems to be that the consent of the receivers to this order, and their failure to appeal from it, make it now conclusive against the creditors. The receivers could not appeal. They consented in writing to the order, in reality applied for it, and it is doubtful if they could have appealed in any event. 2 Cyc. 641; Finch v. Le Sueur County Co-Operative Co. 134 Minn. 376, 159 N. W. 826. It does not seem to us that this consent foreclosed the right of the creditors to attack the order by motion or appeal. If this is correct, it is plain that this right has not been cut off by the lapse of time. The creditors had no notice of the application for the order, and it is not claimed that written notice of the order was ever given them. Therefore the time to appeal was never limited and has not expired. This being so, the court still had power, under the statute, to modify or set aside the order.

We also think that the order appealed from can be sustained on the ground that the order vacated was not intended to be and was not a final determination or adjudication that the contract between the Piano Company and the Security Company was valid and an absolute transfer of the piano contracts to the latter company. The order gave the receivers, on their request, authority to pay over money of the estate to the Security Company, on the mistaken supposition that it belonged to that company. There was no hearing and certainly no decision of the question of law involved. The order was a protection to the receivers, and this was its chief if not its only purpose. The court could at any time, after a hearing, change its mind, and modify or set aside the order. This is in our opinion the correct rule applicable to such orders, whether granted on the application of the receiver or that of a third person. Missouri Pac. Ry. Co. v. Texas & Pac. Ry. Co. (C. C.) 31 Fed. 862. As stated in the case cited, if there are parties in interest and they have their day in court, the advice or instructions given a receiver by the court "may be decisive, but if the matter is *ex parte,* the value of the advice depends largely upon the information and ability of the judge, and is probably binding only on the receivers, for the judge may change his mind on hearing full argument."

While we do not find other authorities expressing just this view of the binding effect of such *ex parte* orders on interested parties who have not had their day in court, we find nothing to the contrary, and the view seems the only logical one. The receiver is the officer of the court, does not represent the creditors, and it would run contrary to elementary principles to hold that such an order binds those vitally interested who have had no chance to be heard.

On this view of the law, it is needless to consider the charge of fraud in procuring the order. We ought to say, however, that we see nothing in the way of fraudulent representations or concealment on the part of the representatives of the Security Company in persuading the receivers to consent to the order or the court to make it.

It is urged that rights of third parties have intervened and that the position of appellant has been changed in reliance upon the order. Conceding, without deciding, that such facts would be ground for refusing to vacate the order, we hold that the evidence does not show that the vacation of the order will seriously affect intervening rights of third persons, or cause loss to appellant that it would not have suffered had the order never been made.

The claim is made that the order appealed from is an interference with the jurisdiction of the Federal court. While fully appreciating the law which is the basis of this claim, we utterly fail to see how the pendency of the case of the receiver against the Security Company in the Federal court deprived the state court of jurisdiction in the receivership proceedings.

We see no force in the contention that the doctrine of estoppel applies, or that of *laches*.

Our conclusion is that the court had the power to set aside the order of May 26, 1913, for good cause shown, that the lapse of time does not affect this power, and that the cause shown was sufficient.

Order affirmed.