LEWIS M. GROSS v. BOARD OF SUPERVISORS OF TOWNSHIP OF LINCOLN.[1]

June 8, 1917.

Nos. 20,289—(99).

**Appeal and error — dismissal of appeal — correction of record by court.**
1. The evidence justified the trial court in correcting its records so as to show that a bond on appeal was filed within the required time, and in vacating a former order dismissing the appeal.

**Same — vacating order.**
2. The time to appeal from the former order not having expired, the court had power to set it aside on motion for good cause shown.

From the determination of the board of supervisors of Lincoln township to lay out a certain road, plaintiff appealed to the district court for Blue Earth county. The board of supervisors appeared specially at the call of the calendar of the district court and moved to dismiss the appeal upon the ground that the court had not acquired jurisdiction because the bond and notice of appeal were not filed with the clerk within the time prescribed by statute. The motion was granted, Quinn, J. From an order, Comstock, J., granting plaintiff's motion to amend the

[1]Reported in 163 N. W. 126.

appeal bond by changing date of filing and vacating the order dismissing the action, defendant appealed.   Affirmed.

S. B. Wilson, for appellant.

Ivan Bowen, for respondent.

BUNN, J.

Plaintiff on September 15, 1915, served notice of an appeal to the' district court, Blue Earth county, from the determination of defendant board, made August 18, 1915, to lay a certain road.   A bond on appeal was excuted and approved September 16.   Both notice and bond bear the indorsement:   "Filed September 21, 1915," under the signature of the clerk of the district court.   On the call of the calendar, defendant moved to dismiss the appeal, on the ground that the notice and bond were not filed in time.   The entire controversy was as to the time the notice of appeal and bond were filed, whether within 30 days from the decision of the board.   Plaintiff claimed that the papers were in fact filed with the clerk on September 17.   The court, by its acting judge, after a hearing granted the motion to dismiss.   This order was made November 19, 1915.   Thereafter and in October, 1916, plaintiff moved the court for an order correcting the files in the action so as to show the date of filing of the appeal bond as September 17, 1915, and setting aside the order of November, 1915, granting defendant's motion to dismiss.   The court, after a hearing upon new affidavits, made the order asked for, holding that the bond was in fact filed September 17, 1915, correcting the records accordingly and vacating the prior order of dismissal.   Defendant appeals to this court from this last order.

We think the evidence clearly justified the conclusion of the trial court that the notice and bond were actually filed in time, and that the indorsements of the time of filing were a mistake.   The case of plaintiff was stronger than that made on the motion to dismiss.

Appellant contends further that plaintiff's exclusive remedy was to appeal from the first order.   We do not think so.   The power of the court to correct errors and mistakes, and to modify its judgments and orders is not limited to nonappealable orders.   It does not appear that written notice of the first orders was given, and hence the time to appeal had not expired.   It is clearly the rule that the court may, for good

cause shown, modify or set aside its judgments or orders on motion at any time within the period for taking an appeal. G. S. 1913, § 7786; Pulver v. Commercial Security Co. 135 Minn. 286, 160 N. W. 781.

Order affirmed.