PAUL MOUSSEAU *vs.* CHARLES D. MOUSSEAU and others.

December 24, 1889.

**Vendor and Purchaser—Receipts for Purchase-Money—Evidence.—**
The vendor delivered to the vendee, at the same time, the contract for the
sale of land and also what purported to be receipts by him to the vendee
for the payment of money, but which were in the handwriting of a third
party. *Held,* that the receipts, in connection with the fact of their de-
livery with the contract, were admissible in evidence against the admin-
istrator of the vendor, as an act tending to prove that the vendor intended
them to stand as his receipts for money paid on the contract.

**Trial—Evidence—Grounds of Objection to be Stated.—** The rule that
a party objecting to evidence should state the ground of his objection, ap-
plied to a case where a witness interested in the result of the suit testified
concerning a conversation of a deceased person relative to a matter at is-
sue between the parties.

After the decision of the former appeal in this cause, (reported 40
Minn. 236,) a trial was had in the district court for Hennepin county
before *Smith,* J., without a jury, and judgment ordered for plaintiff
for the specific enforcement of an agreement between himself and
his deceased father, Charles Mousseau, the substance of which is
stated in the opinion on the former appeal. The defendants (the
administrator and heirs-at-law of Charles Mousseau) appeal from
an order refusing a new trial.

*Hart & Brewer,* for appellants.

*D. A. Secombe,* for respondent.

MITCHELL, J. This case has already been before this court. 40
Minn. 236, (41 N. W. Rep. 977.) The only issue on the trial was
whether the petitioner had fully performed the conditions of the con-
tract by making the stipulated payments.

1. The petitioner, as witness in his own behalf, testified that the
contract and another paper or book were both delivered together to
him by his father, some eight or nine days before his death. This
book contains what purport on their face to be receipts from the de-
ceased to petitioner for a large number of monthly payments of

money. It appeared, however, that they were not in the handwriting of deceased, and that he could not write, or read writing. The receipt of this book in evidence is assigned as error. Of course, under the state of the proof, it was not admissible as an account-book; neither was it offered as such. But the receipts, in connection with the fact of their delivery with the contract by the deceased to the petitioner, were admissible as an act of the deceased tending to prove that he intended them to stand as his receipt for money paid on the contract. The act of delivery. was *prima facie* an adoption of the receipts as his own, by whomsoever written. The weight to be given to them, under the circumstances, was for the court.

2. There are, perhaps, several reasons why it was not error to refuse to strike out the testimony of Bernard Mousseau as to the purpose for which the money he, in behalf of the petitioner, paid his father was to go, as stated by the father at the time of its payment. It is enough to say that no reason or ground was assigned why the evidence was asked to be stricken out. The objection now suggested is not that the evidence was inherently incompetent, but that the witness, as a party interested in the result of the suit, was disqualified from testifying concerning conversations with the deceased. Counsel should have specifically called the attention of the court to the ground of his objection.

3. It is also assigned as error that the evidence did not justify the finding of fact that the petitioner had in all respects performed the conditions of the contract. While there are some things in the conduct of the petitioner that are not very satisfactorily explained or accounted for, yet, after an examination of the whole record, we are of opinion that upon the entire evidence the case fairly presented a question of fact for the trial judge, and that his finding cannot be disturbed.

The other assignments of error require no mention, except to say that we have examined them, and are of opinion that none of them are well founded.

Judgment affirmed.