JAMES E. MALONE v. PATRICK MALONE and Others.[1]

January 30, 1903.

Nos. 13,295—(219).

**Parol Gift by Father—Adverse Possession of Son.**

In an action to determine adverse claims to real property, a finding that a father executed a parol gift of an eighty-acre tract to his son, living with him at the time, who then went into possession thereof, and continued to hold the same adversely to the father for more than fifteen years before the commencement of this action, held:

1. That the evidence reasonably tends to support the findings of the court that the parol gift was made.

2. That plaintiff's exclusive possession of the property for fifteen years before the commencement of the action was sustained by the evidence.

3. That the presumption arising from the relationship of the parties that the possession of plaintiff was permissive, and continued for the benefit of the father, was rebutted by proof of the parol gift, upon which the adverse possession was based.

Action in the district court for Steele county to determine the adverse claims of defendants to land in possession of plaintiff and to cancel certain deeds executed by defendant Patrick Malone purporting to convey the land to defendants Arthur J. and Francis P. Hagan. The case was tried before Buckham, J., who found in favor of plaintiff. From a judgment entered pursuant to the findings, defendants appealed. Affirmed.

*Sawyer & Sperry*, for appellants.

*Robert Taylor* and *Wheelock & Sperry*, for respondent.

[1] Reported in 93 N. W. 605.

LOVELY, J.

The plaintiff, James E. Malone, claims ownership to an eighty-acre tract of land in Steele county by virtue of an executed parol gift from his father, Patrick Malone, one of the defendants, followed by his subsequent adverse possession for more than fifteen years before the commencement of this action. Upon the course pursued at the trial, this suit must be treated as an action to determine the adverse claims of defendants to the property in question.

From the pleadings it appears that the record title to the land was in defendant Patrick Malone until 1901, when he executed to the two defendants Arthur Hagan and Francis Hagan, his grandchildren, conveyances of portions of the same, reserving to himself a life estate therein, which deeds were recorded. The cause was tried to the court, who found, upon the evidence, that prior to the year 1882 the defendant Patrick Malone made a parol gift to plaintiff of the eighty-acre tract in question, and gave possession thereof to plaintiff; that since this gift, and for more than fifteen years prior to the year 1901, when notice to surrender the premises was served by Patrick upon plaintiff, the latter had been in exclusive possession of the property, claiming the same as owner, with the knowledge and consent of his father. Upon these findings, judgment was ordered for plaintiff, establishing his title to the property, and debarring defendants from any interest therein. This appeal is from the denial of a motion for a new trial.

The substantial controversy here is upon the sufficiency of the evidence to support the findings of fact. The alleged parol gift was supported by the testimony of the son, and disputed by that of the father, who claims that he gave plaintiff a license to use the land and cut and remove timber therefrom, but never intended to part with the ownership of the property. It is insisted by counsel for defendants that the testimony of the plaintiff goes no further than to show that the father intended to make a gift of the property to the son at an indefinite time in the future, but we have reached the conclusion that the evidence received for plaintiff reasonably tends to support the view that at the material time the father gave the land to the son by words tending to make such gift in

præsenti. It is not questioned that, at the time this parol gift was made, plaintiff entered upon the possession of the land, and continued in such possession for fifteen years thereafter. The land had been inclosed with a fence by the father at the time of the gift. This fence was kept up and maintained by the plaintiff, who paid taxes on the property. He took in cattle to pasture, dug a well, and cultivated about two acres thereon, but further than this made no improvements. The father, between the time when the alleged gift was made, and the notice to quit, in 1901, made numerous statements to third parties to the effect that this was plaintiff's tract, and never, until he served this notice, questioned his ownership of the same.

Plaintiff for a long period of time after the alleged gift continued to reside with his father, and it is insisted that the relationship of the parties requires us to treat the possession of the property as permissive, rather than adverse to the father's rights, under the rule laid down in Collins v. Colleran, 86 Minn. 199, 90 N. W. 364, and O'Boyle v. McHugh, 66 Minn. 390, 69 N. W. 37. Were it not for the evidence, and finding of the court based thereon, to the effect that the parol gift had been actually made, the possession and use of the property would presumably have been with the assent of the father, and not in derogation of his record title. But the decisions referred to go no further than to recognize this legal presumption. While the father could not, in contravention of the statute of frauds, convey real estate by parol, he might manifest his intention to transfer possession thereto adverse to himself, which, when recognized and acted upon by the parties, would be sufficient to set the fifteen-year limitation statute in operation, and rebut the presumption arising from the relationship of the parties.

The important question, then, is whether there had been exclusive and adverse possession by the son of the property in question. In the absence of a finding of the intention of the father indicated by his gift, the rule in Collins v. Colleran, supra, would be decisive against the claim of plaintiff; but the finding of the court that the gift was made, in connection with the further finding that the possession of the son was adverse to the father, and

continuous for fifteen years, which is sustained by the evidence, requires us to hold that the attempt to revoke the gift and deprive the plaintiff of his rights in the property was unavailing.

Judgment affirmed.