MARY A. HADLEY and Another v. SOPHIE BOURDEAUX and Another.[1]

July 3, 1903.

Nos. 13,556—(190).

**Probate Court.**

The probate court in this state is a court of record, and its judgments and decrees are not open to collateral attack. The same presumptions obtain in respect thereto as to judgments and decrees of courts of general jurisdiction.

**Judgment—Collateral Attack.**

The jurisdiction of the probate court to render a particular decree, where the same is collaterally attacked, is conclusively presumed, unless the contrary affirmatively appears from the record itself.

**Verdict.**

Evidence *held* to sustain the verdict.

Appeal by defendants from an order of the district court for Hennepin county, Harrison, J., denying a motion for a new trial. Affirmed.

*George R. Robinson,* for appellants.

*Hicks, Carlton & Cross* and *Wallace H. Davis,* for respondents.

BROWN, J.

Action in ejectment to recover the possession of certain real property, in which plaintiffs had a verdict, and defendants appealed from an order denying a new trial.

The facts are as follows: Charles Mousseau was in his lifetime the owner of the land in controversy, and on September 22, 1880, entered into a contract with his son, Paul Mousseau, by which the lat-

[1] Reported in 95 N. W. 1109.

ter agreed to make certain money payments to the father during his lifetime, in consideration of which the son was to have the land. The contract was in writing, particularly specifying the terms and conditions thereof, and was in all things complied with by the son. There-after, in February, 1882, Charles Mousseau died, and in the course of the administration of his estate the son, Paul Mousseau, made application to the probate court for judgment and decree requiring the administrator to convey the land to him pursuant to the terms of the contract. The decree of the probate court was made accordingly, and was sustained on appeal to this court. Mousseau v. Mousseau, 40 Minn. 236, 41 N. W. 977; Mousseau v. Mousseau, 42 Minn. 212, 44 N. W. 193.

Plaintiffs in this action have succeeded to the title thus acquired by Paul Mousseau, and brought this action to recover the possession against defendants, one of whom is the daughter of the deceased Mousseau. Defendants interposed as a defense to the action (1) that plaintiffs failed to show a valid title to the land, it being claimed that the decree of the probate court requiring a conveyance of the same by the administrator was void, because no notice of the hearing on the application for such decree was given to defendant Oliver Bourdeaux, husband of defendant Sophie Bourdeaux, surviving daughter and heir of deceased; and (2) title by adverse possession.

At the time of the application to the probate court for the order and decree requiring the administrator to convey the property to Paul Mousseau, the court made an order fixing a time and place of hearing upon the petition, and directed notice thereof to be given to all persons interested in the estate, by personal service of a copy thereof upon them, except as to nonresidents, upon whom service was to be made by publication. Defendant Oliver Bourdeaux resided upon the land in question at the time of the issuance of the order and hearing thereon by the probate court, and it is claimed that the record of that court is defective because it does not show a service of the notice of hearing upon him; that, because of the fact that he was the husband of one of the heirs of the deceased, he was an interested party, within the meaning of the order of the probate court, and notice should have been served upon him. We need not determine whether his contention in this respect is sound or not.

The probate court is a court of record and of superior jurisdiction in this state, and its judgments and decrees are not open to collateral attack. Davis v. Hudson, 29 Minn. 27, 11 N. W. 136. The same presumptions obtain in respect to the judgments and decrees of that court as to the judgments and decrees of courts of general jurisdiction (Fitzpatrick v. Simonson Bros. Mnfg. Co., 86 Minn. 140, 90 N. W. 378), and the principle laid down in Gulickson v. Bodkin, 78 Minn. 33, 80 N. W. 783, is decisive of the case against defendants. It is there held that,

"Where the validity of a domestic judgment is collaterally attacked on the ground of the want of jurisdiction of the court, jurisdiction is conclusively presumed, unless the contrary affirmatively appears on the face of the record itself, and that this rule obtains where the record is silent upon the jurisdictional facts, as well as when it affirmatively states or recites them. The mere absence from the judgment roll of papers which ought to have been included, and which, if included, would affirmatively show that the court had jurisdiction, is not enough to make it affirmatively appear from the face of the record that the court had no jurisdiction."

Within this principle, we are required to presume that notice was properly served upon defendant Oliver Bourdeaux, if service upon him was necessary.

The second defense, viz., that of title in defendant by adverse possession, was fully and fairly submitted to the jury by the trial court, who found adversely to defendants' contention. We have examined the evidence, and find no reason for disturbing their conclusion. The verdict is abundantly supported by the evidence, and there was no error in any of the instructions of the court on this branch of the case.

Order affirmed.