## JACOB SCHMITT v. JOHN SCHMITT.[1]

April 20, 1905.

Nos. 14,202—(2).

**Gift.**

    Evidence tending to show an accepted gift from the father to a son of eighty acres of land considered, and *held* to support the verdict of the jury sustaining the same.

    Other errors considered unimportant.

Appeal by plaintiff from an order of the district court for Brown county, Webber, J., denying a motion for judgment notwithstanding the verdict or for a new trial, after a trial and verdict in favor of defendant. Affirmed.

*Albert Steinhauser* and *Hoidale & Somsen,* for appellant.

*Somerville & Olsen,* for respondent.

LOVELY, J.

Ejectment to recover eighty acres of land in Brown county. Defendant had a verdict. Plaintiff paid the costs of the first trial, and upon demand obtained a second hearing under the statute, when defendant again succeeded. There was a motion for judgment notwithstanding the verdict or for a new trial upon the grounds that the evidence was insufficient to sustain the verdict and for errors of law occurring at the trial. The blended motion was denied, and this appeal is from that order.

[1] Reported in 103 N. W. 214.

A careful examination of the entire record indicates that the only question which is it our duty to determine on this review is the sufficiency of the evidence. It appears from the record that one John Schmitt, Sr., who was a resident of Illinois, was the father of two sons, Christ Schmitt and John Schmitt, Jr., the defendant. The father had means, and was desirous of locating these sons in Minnesota. He secured title to a quarter section of land in Brown county, on which there were buildings and improvements. He placed the boys on the land with the probable idea that they were to work it together, pay the taxes, he to receive rental therefor to some extent. There is evidence tending to show that the boys did not get along amicably with each other—that John could not work with Christ—and in the spring of 1891 the latter quit the farm, and went to a place owned by another brother, for whom he worked some months. In the meantime taxes had accumulated. The father learned of this fact, and came to Minnesota, evidently displeased with the management of affairs, and in an interview with the defendant promised that, if he would get married to a certain lady, he would divide the land, give defendant the east eighty, and help him to put up buildings, which he and his wife could occupy as a home. The boy promised to get married as desired by the father, which he did; then went into possession of the land. The father afterwards sent $200 to the father of the wife of defendant, which was used in improvements upon the land. Defendant continued to retain possession, and erected a house thereon, with other betterments of substantial value. As against these claims of defendant it was insisted that the relation between the two brothers and the father was that of landlord and tenant, that it had never changed, that the father was continually demanding pay for rental, which demands and claims were consistent only with such relationship; and we are urged upon the well-settled principle that to establish a parol gift there must be clear and conclusive proof, that the evidence in this case was not of so satisfactory a character as would justify the court in allowing the verdict to stand.

A very careful and thorough examination of the entire evidence leads us to the conclusion that the issues of fact as to the acceptance of the donation by the father to the defendant, which was disputed, and upon which there was a sharp conflict, were proper matters for the

consideration of the jury. While there is much persuasive force in the arguments urged by appellant in favor of the view that the son did not accept and act upon the gift of the father, but held the eighty upon which he lived under a promise to pay rent, this was clearly denied by the defendant, and his testimony was in some respects supported by other witnesses. While the parol gift of the land was void under the statute of frauds, yet the part performance by the defendant in expending moneys in the construction of the house, his immediate entry and occupation after the promise, within the knowledge of the father, were sufficient to bring the case within the exceptions which have been recognized and established by this court. Brown v. Hoag, 35 Minn. 373, 29 N. W. 135; Slingerland v. Slingerland, 39 Minn. 197, 39 N. W. 146, 46 Minn. 100, 48 N. W. 605. Two juries have sustained the donation of the father. The learned trial court, after carefully considering the entire record, has approved their finding in that respect, and we are unable to say that its action in refusing a new trial should be reversed.

We have considered the other assignments of error, and are satisfied that none of them are well taken, nor of sufficient materiality to require specific notice.

Order affirmed.