JOHN SNOW v. ORIN SNOW and Another.[1]

June 22, 1906.

Nos. 14,743—(114).

**Gift—Statute of Frauds.**

To take a parol gift of land out of the statute of frauds, the donee must not only enter into possession of the premises, but also make improvements thereon, or perform such other acts with reference thereto as would make it inequitable not to enforce the gift. Mere remaining in possession and exercising ownership of the premises under a prior parol gift is not sufficient.

[1] Reported in 108 N. W. 295.

Action in the district court for Anoka county by plaintiff John Snow, to determine the adverse claims of defendants Orin Snow and Kate Snow, his wife, to certain land in possession of plaintiff. Defendant Kate Snow alone appeared and answered, alleging title in her husband. The case was tried before Giddings, J., who found in favor of defendants. From an order granting a motion for a new trial, defendant Kate Snow appealed. Reversed.

*Wright & Matcham* and *Fred S. Stewart,* for appellant.

*Wyman & Blanchard,* for respondent.

LEWIS, J.

Action to quiet title to certain land. The answer of appellant, Kate Snow, alleges that she is the wife of defendant Orin Snow and that respondent, John Snow, is the son of Orin Snow by a former marriage; denies that respondent was ever in possession of the land, except by virtue of a lease or leases from Orin Snow; and alleges the title to be in her husband. The trial court found that defendant Orin Snow was the owner of the real estate involved, and ordered judgment that respondent take nothing and for dismissal of the action. Subsequently, upon motion of respondent, the court vacated and set aside the order for judgment and granted him a new trial, from which order appellant, Kate Snow, appealed, and in this court insists that the order must be reversed upon the ground that it conclusively appears from the evidence that the original order of the court directing judgment against respondent was correct.

The premises were owned by Orin Snow on October 9, 1899, and on that day he verbally stated to his son John: "I will give you the one hundred twenty acres across the road." To which John replied: "That is all right. I am glad to have it." At that time, and for about eight months prior thereto, respondent had been in possession of the premises in question under and by virtue of a lease from his father which expired on or about April 1, 1900. Soon after the alleged gift in the fall of 1899 the respondent plowed the portion of the land described in the complaint, sowed it to winter rye, and rented out the cultivated portion of the land for the next year, and remained in possession thereof, either personally or through tenants, from that time until the commencement of this action, September, 1903, and received all the rents and profits

from the use and occupation thereof. During the winter of 1900 respondent got out some timber for a house and a barn frame, but did not build, giving as his reason that he did not get a deed to the land. He also repaired the fence and did some additional plowing. Defendants, Orin and Kate Snow, were married November 11, 1899, shortly after the alleged gift took place. It thus appears that respondent claims title wholly on the ground of an oral gift, followed up by acts of improvement and possession by him sufficient to avoid the statute of frauds. No claim is made that he acquired title by adverse possession, and it is conceded that there never passed any deed or document of any character which conveyed any title or interest, or color of title or interest, to the premises.

Was there such part performance as to take the case out of the statute of frauds? The rule is founded upon the equitable doctrine of estoppel, and where the part performance shown is of such a nature that the parties cannot be restored to their former condition, and substantial injustice or fraud will result from failure of performance, equity will compel the parties to carry out their contract. Jorgenson v. Jorgenson, 81 Minn. 428, 84 N. W. 221, and cases cited. In that case, in pursuance of an oral contract, the vendee entered into possession of the land, which was wild and unimproved, made valuable improvements by breaking the same and raising annual crops, paid all the taxes, and from time to time paid the purchase price. The court held the possession and improvements sufficient to take the case out of the operation of the statute, although no buildings or fences had been constructed on the premises.

In Slingerland v. Slingerland, 39 Minn. 197, 39 N. W. 146, the father agreed to convey certain land to his son, provided he should dismiss certain actions then pending against the father, and consent that certain money dependent upon the result be paid to the father. It was held that the performance by the son was a sufficient part performance to take the agreement out of the operation of the statute of frauds, notwithstanding the son had never entered into possession of the premises, nor made any valuable improvements thereon. The decision rests upon the doctrine of estoppel.

In the case at bar there is absolutely no evidence of any of the conditions necessary to take the case out of the operation of the statute.

Respondent has expended no money for the construction of buildings, and has made no improvements which he might not otherwise have made under the lease in force at the time of the alleged gift. He has not shown that he has done anything whatever to change his former relation to his father by reason of the gift except remaining in possession after the termination of the original term of lease and receiving the crops without division. Where a vendee relies upon possession and improvements sufficient to avoid the statute of frauds he must enter into possession of the land under and in reliance upon the contract, and make valuable improvements thereon. The rule is thus stated in Ferguson v. Trovaten, 94 Minn. 209, 102 N. W. 373, and is supported by all the authorities. Possession alone is not sufficient. Bright v. Bright, 41 Ill. 97; Buhler v. Trombly, 139 Mich. 557, 102 N. W. 647. A continuing possession after a gift, without the expenditure of money, is not enough. Anson v. Townsend, 73 Cal. 415, 15 Pac. 49.

The father was at perfect liberty, prior to the commencement of this action, to renounce the gift and repossess himself of the land, and for the same reason appellant, Kate Snow, who became his wife prior to the time the gift became vested, has the same right to enforce her interest in the land, and she is unaffected by her husband's failure to defend the action.

Order reversed and judgment ordered for appellant.