# RICHARD HAYES and Another v. SUSAN HAYES.[1]

July 10, 1914.

Nos. 18,752—(158).

**Parol gift — question for jury.**

1. The evidence on the question whether there was a parol gift of land made a question of fact proper for submission to the jury.

**Same — statute of frauds — part performance.**

2. Whether the gift was accepted and executed by performance of the donee sufficient to take it out of the statute of frauds was, on the evidence, a question for the jury.

**Same — adverse possession.**

3. Adverse possession of the land for the statutory time was not necessary in order to prove an executed parol gift. To take a parol gift of land out of the statute of frauds there must be an acceptance by the donee, and such a performance in the way of making valuable improvements as would make it substantial injustice or fraud to hold the gift void under the statute. But it is not essential that the possession continue for 15 years or that its character be such as would give title by adverse possession.

**Pleading — issue framed.**

4. The question of an executed parol gift was properly at issue under the pleadings.

**Evidence — declaration of donor.**

5. Declarations of the donor made while he was the holder of the legal title and against his interest, were properly received in evidence.

**Evidence — declaration of donee.**

6. Declarations of the donee, made while he was in possession of the property, tending to characterize his possession and to indicate his claim of title, were properly admitted in evidence.

[1] Reported in 148 N. W. 125.

Note.—On the question of parol gift as a conveyance, see note in 67 L.R.A. 461. And as to adverse possession by donee under parol gift, see note in 35 L.R.A. 835.

Charge to jury.
7. There was no error prejudicial to plaintiffs in the instructions to the jury.

After the decision of the former appeal, reported in 119 Minn. 1, 137 N. W. 162, defendant demanded a second trial. The case was tried before Hodgson, J., and a jury which returned a verdict in favor of defendant. From an order denying plaintiffs' motion for judgment in their favor notwithstanding the verdict or for a new trial, they appealed. Affirmed.

*Albert Schaller, James R. Hickey* and *Otto Kueffner,* for appellants.

*C. D. & R. D. O'Brien* and *Charles L. Hayes,* for respondent.

BUNN, J.

This action in ejectment was commenced in the district court of Dakota county in July, 1909. It was tried to the court without a jury and a decision rendered in favor of plaintiffs. An order denying a new trial was affirmed by this court. Hayes v. Hayes, 119 Minn. 1, 137 N. W. 162. Defendant exercised the right she had under the statute then existing to a second trial. This trial was to a jury and resulted in a verdict for defendant. The case is now here on plaintiffs' appeal from an order denying their motion in the alternative for judgment notwithstanding the verdict or for a new trial.

Plaintiffs contend that the evidence was insufficient to justify submitting the case to the jury. They also complain of certain rulings on the admission of evidence and certain instructions.

The question submitted to the jury was whether there had been an executed parol gift of the land by Timothy Hayes to his son Matthew Hayes. And the first question for our decision is whether there was evidence of such a gift sufficient to warrant submitting the issue to the jury. The facts, including those admitted, and those which the evidence tends to establish, are in substance as follows:

Timothy Hayes was a prosperous farmer in Dakota county. He had five sons, Richard, Timothy, Thomas, Matthew and Patrick. As

each son became of age he placed him upon a farm which he purchased for him. In the case of Richard, the first son, and Timothy, the second son, the father and his wife executed and delivered to each a deed to the farm furnished him. Richard proved improvident and mortgaged his farm; thereafter the record title to the farms that the father purchased and furnished to his boys remained in the father. In 1892 Timothy Hayes purchased the farm in controversy, and in the fall of that year put his son Matthew in possession. Matthew remained in possession until his death March 15, 1909. In May, 1903, Matthew Hayes and the defendant were married, and they continued to live together on the farm as husband and wife until Matthew's death. They had no children. April 13, 1909, Timothy Hayes, in whom the record title still stood, executed a deed of the farm to the plaintiffs in this action, the minor sons of Richard Hayes, the eldest son of the grantor. This deed was recorded April 21, 1909. On April 29, Richard Hayes wrote to defendant, who was in possession of the farm, the following letter.

"Lebannon, April 29, '09.
"Mrs. Susie Hayes:

"I suppose that you are aware that we own that place now. You have no more to do with it. There is no use in you bothering yourself about that crop, as we are entitled to the share of it. I want you to vacate our place as soon as you can, May tenth at latest.

"Yours Respectfully,
"Richard Hayes."

Defendant claimed to own the farm as the sole heir to her husband, Matthew, and refused to vacate. The present action was then commenced. The complaint was in the usual form, alleging title in plaintiffs, and wrongful withholding of possession by defendant. The answer alleged that defendant was rightfully in possession as the widow and sole heir of Matthew Hayes; that Matthew was at the time of his death rightfully in possession and had good title to the premises. It further alleged title by adverse possession. The reply was a general denial.

1. It appears with little dispute that Matthew Hayes, at all times during the 17 years that he lived on the farm, treated it as his own. He added to the land by purchase of adjoining parcels, constructed buildings, paid taxes and insurance, put in and took off crops each year. His relations with his father and brothers were entirely friendly. There is evidence that the father considered the farm as Matt's. Indeed the evidence is persuasive, considering the entire situation, that but for the accident that caused the son's death, leaving a widow and no children, there would have been no claim that Matthew did not own the land. The father admitted that he put Matt on the farm, but denied that he gave it to him. He testified:

"I did not exactly put him on it; I told him he might go on; he wanted to go west; I told him he could make a start and go any time he had a mind to; I told him if he wanted he could live a few years on it until he got started."

There was some testimony of a like purport by brothers of Matthew. But the facts are not quite consistent with this claim of a temporary loan of the place until Matt could "make a start." His marriage, the purchase of additional land, the building of a new barn and other improvements, preparations, stopped by his death, to build a new house, are circumstances that indicate at least the son's belief that he owned the land, and his intention to make it the permanent home of himself and wife. There is evidence, also, of declarations of Timothy Hayes to the effect that the farm was Matt's; one witness testifies to a statement of the father that he would give the son a deed when he got married and that the farm belonged to the son; another to the father's insisting to him, as county treasurer, that Matt pay the taxes on the farm saying "Let Matt pay his own taxes."

Without further stating here the evidence bearing on the question, our conclusion from the entire record is that there was enough reasonably tending to show a parol gift of the land from Timothy Hayes to his son Matthew to make the question one for the jury.

2. Of course this is not all that is necessary to give the son title. But we regard the evidence as clearly sufficient to take the parol conveyance out of the statute of frauds. As we have stated before, it

appears without dispute that from 1892 to 1909 Matthew Hayes was in exclusive possession of the farm. It is reasonably clear that he claimed it as owner, with the knowledge and consent of his father. The evidence tends to show an acceptance of the parol gift, and a performance that takes it out of the statute. Slingerland v. Slingerland, 39 Minn. 197, 39 N. W. 146; Schmitt v. Schmitt, 94 Minn. 414, 103 N. W. 214. The case is stronger in these respects than Schmitt v. Schmitt or Malone v. Malone, 88 Minn. 418, 93 N. W. 605. See also Miller v. Miller, 125 Minn. 49, 145 N. W. 615, in which we held the evidence insufficient to establish an oral agreement to convey, but said that the possession of the son and the improvements made by him would be sufficient to take the agreement out of the statute of frauds, had the evidence showed such an agreement and that the possession was under it.

3. Counsel for plaintiffs argue that it was necessary to prove that Matthew was in adverse possession of the land for the statutory time. This is incorrect. If there was a parol gift, completely executed, it was not necessary that there be adverse possession for 15 years. The taking of and remaining in possession, the making of improvements and the other acts of the donee are important on the question of acceptance and performance, or in other words on the question whether the parol gift was executed. But we do not understand that the possession must necessarily continue for 15 years to make a good title, or to entitle the donee to specific performance; nor do we understand that the other elements necessary to make title by adverse possession must exist. The question is not whether there was title by adverse possession, but is whether there was an executed parol gift. That such a gift may be accepted and executed so as to take it out of the statute of frauds, without reference to how long the possession under it has continued, or to its character as being hostile, open or notorious, is clear under our decisions. Brown v. Hoag, 35 Minn. 373, 29 N. W. 135; Slingerland v. Slingerland, 39 Minn. 197, 39 N. W. 146; Id. 46 Minn. 100, 48 N. W. 605; Schmitt v. Schmitt, supra. The claim of an executed parol gift is distinct from a claim of title by adverse possession. The trial court, though seemingly instructing the jury that title in Matthew could

not become perfect until the end of 15 years' possession, open, adverse and under claim of right, correctly and distinctly told the jury that the issue was not adverse possession, but whether there had been an executed gift. Of course the character of the donee's possession, the length of time it continues, and the acts of the donee are all material on the question of whether there has been an executed parol gift, as they would be were the issue adverse possession. But the ultimate question to be determined is quite different. We admit that the opinion in Malone v. Malone, supra, apparently assumes that adverse possession for the statutory time is necessary to take a parol gift out of the statute, but this is not the law. To take a parol grant or gift of land out of the statute of frauds, there must be not only an acceptance, a taking of possession under and in reliance upon the contract, but such a performance in the way of making valuable improvements as would make it substantial injustice or fraud to hold the grant or gift void under the statute. Svanburg v. Fosseen, 75 Minn. 350, 78 N. W. 4, 43 L.R.A. 427, 74 Am. St. 490; Jorgenson v. Jorgenson, 81 Minn. 428, 84 N. W. 221; Ferguson v. Trovaten, 94 Minn. 209, 102 N. W. 373; Snow v. Snow, 98 Minn. 348, 108 N. W. 295. In concluding this branch of the case, the words of former Justice Lovely in Schmitt v. Schmitt, supra, p. 416, are applicable to the facts here:

"While the parol gift of the land was void under the statute of frauds, yet the part performance by the defendant in expending moneys in the construction of the house, his immediate entry and occupation after the promise, within the knowledge of the father, were sufficient to bring the case within the exceptions which have been recognized and established by this court."

There is no assignment of error that challenges the sufficiency of the evidence to sustain the verdict, and we do not expressly hold that it is sufficient. We do hold the evidence was such that the trial court rightly submitted the case to the jury, and rightly refused judgment notwithstanding the verdict.

4. It is claimed that it was error to admit any testimony as to an executed parol gift, because the question was not raised by the pleadings. The answer pleaded that Matthew Hayes was at the time of

his death lawfully seized of the premises, and that he had good and sufficient title thereto. We hold the pleading sufficient to permit the defense of title by a parol gift accepted and executed. Plaintiff could not have been misled. The claim was made and litigated on the first trial, and this court plainly stated the claim in its former opinion. We also hold that this was a defense that could be made and litigated in this action of ejectment, though it is a claim that is usually litigated in an action for specific performance. Schmitt v. Schmitt, 94 Minn. 414, 103 N. W. 214.

5. It is assigned as error that the court admitted testimony of defendant and of two other witnesses as to conversations with Timothy Hayes. As to the testimony of the witness Mahoney to statements by Timothy Hayes, the declarations were admissible because against interest and made while the declarant held the legal title to the property. The same is true of the declaration testified to by the witness Kerr, to the effect that the father told Matt to "go on and build your barn and you will get your deed in due time; you are the only one that owns this farm." The conversation testified to by defendant was after the deed from Timothy Hayes to plaintiffs. There was nothing prejudicial in the admission of this evidence, even conceding it to be technically inadmissible because the father had parted with his title.

6. Another question arises from the reception in evidence of the testimony of the witnesses Gibson and Mahoney as to statements of Matthew Hayes. We think, however, that this evidence was rightly received under the rule that the statements of one in possession of real property that tend to explain the character of that possession are admissible as part of the "res gestæ," so-called. The statements tended to show that Matt claimed to own the farm, that he was in possession under and in reliance upon the parol gift. They were admissible. Brown v. Kohout, 61 Minn. 113, 63 N. W. 248; Rollofson v. Nash, 75 Minn. 237, 77 N. W. 954; 1 Dunnell, Minn. Digest, § 3306.

7. The assignments of error in the charge are disposed of by what we have said in regard to the propriety of submitting the issue of an executed parol gift to the jury. The charge as a whole was very clear

and quite as favorable to plaintiffs as they were entitled to. There was nothing in it, as plaintiffs seem to claim, calculated to induce the jury to decide the case against the evidence upon a natural feeling that the justice of it was with defendant. We have tried, successfully we think, to determine this appeal without being influenced by the manifest injustice that would be done to the widow of Matt Hayes if the efforts of his family met with success.

Order affirmed.