## CHARLES A. LINDELL v. VERNE LINDELL.[1]

January 19, 1917.

Nos. 20,052—(196).

**Parol gift of land — statute of frauds.**

1. The evidence in this case is sufficient to sustain a finding that plaintiff made a parol gift of land to defendant's deceased husband, that deceased accepted the gift and took possession of the land and made such improvements in reliance on the gift, that it would work a substantial injustice to hold the gift void, and that the contract was accordingly taken out of the statute of frauds.

**Same — specific enforcement of donor's promise.**

2. Plaintiff's own testimony makes out a promise to devise at least the land upon which the improvements were made in contemplation of the making of the improvements. After the contemplated improvements were made by the promisee, such promise became enforceable by the promisee or his heirs, and upon this view of the case ejectment would not lie.

[1]Reported in 160 N. W. 1031.

Action in ejectment in the district court for Goodhue county and to recover $500 damages for withholding possession of the premises. The answer set up the facts in relation to her husband, Sidney E. Lindell, stated in the first paragraph of the opinion. The case was tried before Johnson, J., who when defendant rested denied plaintiff's motion to strike out all of defendant's evidence on the ground that no sufficient foundation had been laid to show a valid gift of the property, and a jury which returned a verdict in favor of defendant. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Affirmed.

*Mohn & Mohn, A. J. Rockne* and *John Lind,* for appellant.

*T. R. Johnson* and *Wilson & Ofstedahl,* for respondent.

HALLAM, J.

Plaintiff is a retired farmer resident of Goodhue county, past 60 years of age. During the years of his active life he acquired considerable valuable farm land in Goodhue county. He had three sons and three daughters, all of whom grew to maturity and married. To the three daughters he gave $1,500 each. One son he placed in possession of the home 80 acres and made a will devising this to him on certain conditions as to support. To another son he sold 85 acres of land for $3,200, crediting him with $1,500 by way of gift and $700 by way of past services. Sidney, now deceased, was the oldest son. He did not marry until October, 1913, at the age of 35. The other children married much younger. From 1899, when he was about 21, Sidney, either alone or with another brother, rented the home farm until 1911. In that year Sidney turned to look for another farm. He had hitched up a team preparatory to going to look at a farm called the Hager farm, with the purpose of either renting or buying it. His father stopped him and called him into the house. There some arrangement was admittedly made, as a result of which Sidney abandoned the idea of going to the Hager farm, and took possession of the west half of a square quarter section known as the Belle Creek farm, and during the following years made valuable improvements thereon. These improvements consisted of building of a house, with modern improvements, a barn and granary, corn cribs and fences, digging a well, installing a windmill, building a pump house,

135 M—24

installing a gasolene engine, setting out fruit and shade trees, making the place in all respects a comfortable modern home. There is evidence that these improvements were worth in the neighborhood of $5,000. Plaintiff had full knowledge of every step taken by Sidney, in fact he assisted him from time to time. In October, 1913, Sidney married defendant. He died in March, 1915. Plaintiff brings ejectment against defendant, Sidney's widow, now his sole heir. Defendant sets up as a defense that on the occasion above mentioned plaintiff made a parol gift to Sidney of the west half of this quarter section, the half on which the buildings were erected, and that the acts of Sidney pursuant thereto were such that the gift, though in parol, should be held to bind plaintiff. ·The trial court so held.

1. The law on this subject has been often stated by this court and is well settled. To constitute a valid transfer of land by verbal gift, there must be a gift completely executed by delivery of possession, and performance of some acts sufficient to take the case out of the statute of frauds. The performance necessary for this purpose must be an acceptance, a taking of possession, under and in reliance upon the gift, and the doing of such acts in reliance thereon that it would work a substantial injustice to hold the gift void. Snow v. Snow, 98 Minn. 348, 108 N. W. 295; Hayes v. Hayes, 126 Minn. 389, 148 N. W. 125; Trebesch v. Trebesch, 130 Minn. 368, 153 N. W. 754.

The question in the case is whether, in view of these principles of law, the evidence sustains the decision of the trial court. There were present at the time of making the arrangement in the spring of 1911, plaintiff, Sidney, and two of the hired help. The two latter were sworn as witnesses but gave no testimony of value to either side. The only version of the transaction is that of plaintiff himself. Much evidence of other witnesses was produced as to the subsequent acts and declarations of the parties. It is not necessary to review this evidence in detail. There is evidence of some statements made by deceased in his lifetime in the nature of admissions that he did not own this land. They are by no means conclusive in their nature. There is evidence that deceased made some statements indicating that a gift had been made to him. These are of little or no probative value. There is evidence by witnesses as to admissions of plaintiff that he had made a gift of this land

to Sidney. Plaintiff himself testified that he made such admissions—though he later qualified this testimony, as will be hereinafter indicated—and when asked if he meant to take the land away from Sidney after he built upon it, he answered: "No, I did not." We think the jury might fairly find from the testimony that plaintiff had admitted making a present gift of this land to his son, and that he did in fact make such a gift. They did so find.

There is no question but that, if plaintiff did make a present gift of the land, the acts of Sidney in reliance thereon were sufficient to take the case out of the statute of frauds.

2. The later qualification above mentioned, made by plaintiff in his testimony, was his statement that his promise to Sidney related, not to a present gift or conveyance of the land, but to a disposition by will. His language as to this is not in legal phraseology, but he distinctly testified that he had "promised him the land;" that he "had had a will writed out;" that he told Sidney that he had a will made out and that he could "go down and build" upon this land with his own money if he wanted to, and, as above stated, testified that he did not intend to take it from him. We can understand from this untechnical language nothing more or less than a promise to give to Sidney by will at least the land upon which the improvements were made, coupled with an invitation to Sidney to make the improvements on the strength of the promise. Plaintiff's view of his legal rights was stated in his own language as follows: "I have a right to make another will—and so I had—that will I have burned." As to this right we do not agree with plaintiff. A parol promise by an owner to give land to another either by deed or will accompanied by actual delivery of possession, becomes an enforceable promise, when the promisee induced thereby has made substantial improvements upon the premises with the knowledge of the promisor. The promise to give is no longer *nudum pactum*. It has become a promise upon a consideration, not a consideration moving to the promisor, but nevertheless one moving from the promisee- (Hadden v. Thompson, 118 Ga. 207, 44 S. E. 1001; Anderson v. Scott, 94 Mo. 637, 8 S. W. 235; Freeman v. Freeman, 43 N. Y. 341, 3 Am. Rep. 657) ; and, after full performance by the promisee, the promise may be enforced by him, (Brasch v. Reeves, 124 Minn. 114, 144 N. W. 744; Robertson v. Corcoran,

125 Minn. 118, 145 N. W. 812) ; or by his heirs (Hayes v. Hayes, 126 Minn. 389, 144 N. W. 744; Peters v. Jones, 35 Iowa, 512; House v. Dexter, 9 Mich. 246), should the promisor fail or refuse to perform.

Let our position as to this phase of the case be not misunderstood. The defense is not predicated on a promise to make a will, and the case was not submitted to the jury on the theory that that was defendant's claim. Defendant's theory of the case is, and has been, that there was a present executed gift. We affirm the verdict of the jury sustaining this contention, and we further say that, taking the facts as plaintiff now claims them to be, ejectment could not be maintained, and in his own view of the case plaintiff must fail.

Order affirmed.