## ANNA DRAGER v. HERMAN SEEGERT.[1]

July 13, 1917.

Nos. 20,420—(211).

**Gift — executed parol gift of land.**

1. The evidence is *held* sufficient to justify the jury in finding an executed parol gift to defendant of the land involved in the action.

**Witness — conversations with deceased donor admissible.**

2. A witness having no interest direct or indirect in the land, though a daughter of the deceased donor, and a sister of the donee, *held* not disqualified under section 8378, G. S. 1913, from giving in evidence conversations with reference to and concerning the gift had by her with the deceased in his lifetime.

**Same — interested party.**

3. No prejudice resulted from the admission of the testimony of the wife of defendant, a mere fragment of the whole evidence tendered by defendant, of a conversation had by her with deceased, though she was interested in the homestead part of the land involved in the action, and perhaps disqualified under the statute.

**No error.**

4. The record presents no reversible error.

Action in the district court for Dakota county by the executrix of the last will and testament of William Seegert, deceased, to recover possession of certain lands. The defense set up in the answer is stated in the first paragraph of the opinion. The case was tried before Johnson, J.,

[1]Reported in 163 N. W. 756.

and a jury which returned a verdict in favor of defendant. From an order denying her motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Affirmed.

*W. H. Gillitt* and *F. M. Wilson,* for appellant.

*Mohn & Mohn,* for respondent.

BROWN, C. J.

William Seegert was in his lifetime the owner of the land and premises involved in this action. He died on February 28, 1915, leaving what purported to be his last will and testament, in and by which he devised the land to his daughter, the plaintiff herein. The will was duly admitted to probate and plaintiff was commissioned as executrix thereof. She thereafter brought this action to recover the possession of the land, claiming it as a part of the estate to be administered under the will. Defendant is a son of the testator and he interposed in defense a claim of title to the land, the foundation thereof being an alleged gift thereof to him by decedent prior to his death.

The issue thus presented was submitted to the jury and resolved in defendant's favor by their verdict. Plaintiff appealed from an order denying a new trial.

The assignments of error present the general questions: (1) Whether the verdict is clearly and manifestly against the evidence; and (2) whether there was reversible error in the rulings of the court in the admission or exclusion of evidence, or in its instructions to the jury. We answer both questions in the negative.

1. The action is similar to those which have come before us during the past few years, wherein a like claim of title to real property has been asserted, and wherein the findings of the trial court or the verdict of the jury in favor thereof have been sustained upon evidence no stronger, and in some of the cases much weaker, than that here presented. Malone v. Malone, 88 Minn. 418, 93 N. W. 605; Schmitt v. Schmitt, 94 Minn. 414, 103 N. W. 214; Brasch v. Reeves, 124 Minn. 114, 144 N. W. 744; Hayes v. Hayes, 126 Minn. 389, 148 N. W. 125; Trebesch v. Trebesch, 130 Minn. 368, 153 N. W. 754; Lindell v. Lindell, 135 Minn. 368, 160 N. W. 1031. A discussion of the evidence would serve no useful purpose. If credible and worthy of belief it is abundant to support the verdict of the jury, not only as to the gift but the acceptance and performance of the

conditions thereof by defendant. The evidence presents a familiar case of a son being induced to remain at home and work the farm, in consideration of the promise of the parents to give him the farm, and a final performance of the promise by a gift verbally made and accepted. The question whether the witnesses, one of whom was a sister of defendant, the others being neighbors and acquaintances of the family, were worthy of belief was for the jury and trial court. We discover from the record no basis for interference with their conclusion, and hold without a discussion of the facts that the evidence sufficiently supports the verdict.

2. It appears that subsequent to the date of the alleged gift the parties, father and son, entered into the following writing, namely:

"Cannon Falls, Aug. 18, 1913.
"Wm. Seegert:                    "Town of Welch, Minn.

"I hereby state that I have today rented my farm to my son, Herman Seegert, for the sum of $100.00, one hundred dollars, and my room and the necessary attention that is needed, and a horse and buggy or team and wagon when needed if possible to have, per year as long as I live.

"And I have today sold all my personal property to my son, Herman, for the sum of the debts on my farm and he is to pay the taxes on the land.                    Signed  *  *  *

"WM. SEEGERT.
"HERMAN SEEGERT."

This document, having been written and signed by the parties after the date of the alleged gift, is persuasive evidence that the gift was not in fact made. But it is not conclusive, and though construed as a lease of the land, was open to explanation by defendant. The force and effect of the document and the merits of the explanation given by him for its execution were questions for the jury. Trebesch v. Trebesch, supra. The explanation was that the writing was prepared and signed to evidence the right of decedent to receive from defendant the sum of $100 per year during his life, as spending money, and to the other privileges stated therein. It appears that decedent stated to defendant that he thought he should have some writing upon the subject, and a neighboring farmer was called in, and upon being advised of the facts dictated the form of the document, and therefrom it was written down by defendant. That

the explanation accords with the truth is corroborated by the evidence of declarations made by decedent subsequent to the writing, to the effect that he had given the farm to defendant. The explanation was satisfactory to the jury and trial court, and we accept their conclusion as final. The writing is not conclusive against defendant's present claim of a gift, nor is he thereby estopped. Section 6808, G. S. 1913; Trebesch v. Trebesch, supra.

3. Augusta Seegert, a daughter of decedent, and a sister of plaintiff and of defendant, was called as a witness in behalf of defendant and was permitted over the objection of plaintiff to testify to conversations had with decedent concerning the alleged gift of the land to defendant. The evidence so given was material and corroborated and supported the defense. The objection to the testimony was that the witness was disqualified under section 8378, G. S. 1913, from giving in evidence conversations with her father prior to his death. There was no error in admitting the evidence. The witness had no such interest in the result of the action, direct or indirect, as to render her an incompetent witness under the statute. The property was by the will of decedent devised to plaintiff; under the gift it belonged solely to defendant. The witness therefore had no interest in the controversy between those parties, for whatever the result she would neither thereby gain nor lose. Nelson v. Olson, 108 Minn. 109, 121 N. W. 609; Bowers v. Schuler, 54 Minn. 99, 55 N. W. 817; 3 Notes on Minn. Reports, 993; Alexander v. Ransom, 16 S. D. 302, 92 N. W. 418.

4. The wife of defendant was a witness in his behalf and was permitted to testify to conversations had with decedent as to the gift of the land to defendant. The only objection to this testimony was that since witness was the wife of defendant "her testimony is incompetent under the statute." If it be conceded that the objection sufficiently directed attention to the real ground thereof, namely, that the wife, having a direct interest in a part of the land, that portion constituting the homestead, was disqualified from giving in evidence a conversation with decedent in his lifetime (Mousseau v. Mousseau, 42 Minn. 212, 44 N. W. 193), we are satisfied that there should not be a reversal, even though the witness was erroneously permitted to testify. The evidence so given by her was in line with that given by several other witnesses, was a mere fragment of the whole, and we are clear that no prejudice resulted therefrom. If

the whole thereof be excluded there is an abundance of what is left, if worthy of belief, to sustain the verdict. There was no prejudice to the substantial rights of plaintiff. Crowley v. Burns B. & M. Co. 100 Minn. 178, 110 N. W. 969; Madson v. Christianson, 128 Minn. 17, 150 N. W. 213, L.R.A. 1916C, 1214, Ann. Cas. 1916D, 1011. Dunnell, Minn. Dig. 1916 Supp. § 7180.

5. We discover no error in any of the other rulings complained of, nor in the instructions of the court to the jury. The remarks of the court in respect to the conduct of the attorneys in discussing the law of the case to the jury, if error at all, were not excepted to at the trial, the remarks applied equally to both parties, and we are clear that neither was in any way prejudiced thereby.

6. This covers all that need be said. We have fully considered all the points made, and the evidence has been carefully gone over, with the result stated.

Order affirmed.