## MATHIAS H. WOLD v. OLE O. WOLD AND ANOTHER.[1]

November 30, 1917.

Nos. 20,596.

**Trial — amendment of findings before judgment or appeal.**

1. The trial court may at any time before judgment, and before

[1]Reported in 165 N. W. 229.

the cause has been removed from its jurisdiction by appeal, amend its findings of fact and conclusions of law, even though the result thereof be an order for judgment the reverse of that ordered by the original findings.

**Will — enforcement of contract to devise — rescission.**

2. In an action to enforce a contract by which defendants agreed to make plaintiff their heir at law, and to leave to him at their death all their property, in consideration that plaintiff would become a member of their household and render and perform such services and labor as would be expected from a natural son, it is *held*:

(1) That the evidence supports the findings of the trial court, and that the conclusions of law are sustained by the findings of fact.

(2) A contract of the kind stated is continuing in character and an attempted renunciation thereof by the promisor does not set in motion the statute of limitations.

(3) The promisee in such case may act upon such repudiation and sue at once to protect his rights, or he may delay such suit until the happening of the event, the death of the promisor, that would vest in him the rights secured by the contract.

Action in the district court for Goodhue county to enforce an alleged contract to adopt plaintiff, to adjudge plaintiff to be the owner of certain premises, subject to the life estate of defendant Wold, and to restrain the latter from selling the property. The answer of defendant Wold set up the statute of limitations. The case was tried before Converse, J., who made findings and ordered judgment dismissing the action. Plaintiff's motion for amended findings was granted and the court ordered judgment in favor of plaintiff. Defendants' motion for further amended findings or for a new trial was denied. From the order denying their motion, defendants appealed. Affirmed.

*Andrew Finstuen* and *Mohn & Mohn,* for appellants.

*A. J. Rockne,* for respondent.

Brown, C. J.

Action for the enforcement of an alleged adoption contract, and for a decree adjudging plaintiff to be the heir at law of defendant Ole O. Wold, and of his wife, Sigried Wold, now deceased. Plaintiff had judgment as prayed for in his complaint, and defendants appealed from an order denying their motion for amended findings or a new trial.

The action was tried by the court without a jury. The findings and evidence disclose the following facts, stated without unnecessary detail: The Wolds were without children and resided alone upon a farm in Goodhue county, the title to which prior to her death became vested in Mrs. Wold. Plaintiff was the son of a neighbor and of the age of 6 years in 1871. His mother died about that time, and his father, a cripple. was unable to properly care for the family. At some time in the year stated, the precise date is not material, plaintiff was by his father given into the Wold family which, as will presently appear, became his home for the succeeding 28 years. The evidence tends to show that the boy was a gift to the Wolds and was gladly accepted by them. In 1881, when plaintiff was about 16 years of age, his father determined to get his family together and move to North Dakota, there to take a government homestead and make a home for the future. He went to the Wolds and made known his intentions and asked for the return of his son, that he might go to Dakota with the other members of the family. The Wolds protested against surrendering or giving him up and insisted upon retaining him as a member of their household. Some discussion followed and finally, in consideration of their right to retain plaintiff, the Wolds agreed to adopt and make him their heir at law, and leave their property to him at their death. Upon this promise the father relinquished his paternal rights and surrendered the plaintiff to the Wolds, as a member of their family, and he thereafter performed such labor and services as would be assigned to and expected of a natural son. At the suggestion of the Wolds he changed his name to Wold, and still retains it. He was treated by the Wolds as their son, he called them father and mother and a bond of affection sprang up between them, which continued for many years and until the estrangement which caused a severance thereof presently to be mentioned. The farm upon which the Wolds resided was purchased from one Betcher and had not been paid for at the time of this agreement. Plaintiff voluntarily contributed toward the payment of the purchase price the sum of $1,000, received by him for services rendered away from the Wold home. The court found this fact, though the evidence tends to show that during the time plaintiff remained with the Wolds he contributed from his earnings from others considerably more than that amount. In fact he seems to have turned

over to the Wolds practically all his earnings, as well as his time, labor and services. This situation continued until plaintiff was 34 years of age, at which time he married a young woman who was not satisfactory to the Wolds, and in the words of the trial court "he was driven from the Wold home in anger." This occurred in the year 1899, and plaintiff never thereafter returned to the Wold home until after the death of Mrs. Wold, which occurred in 1915, and then only for a temporary purpose. No settlement was ever made for any service rendered by him or contributions made to the Wolds, though plaintiff made demand therefor a short time prior to the commencement of this action. The court found that at the time plaintiff was driven out the Wolds renounced, repudiated and denied any and all obligations toward him, "stated in public many times that the plaintiff would get none of their property, all of which was * * * well known to plaintiff." The court further found in paragraphs numbered 17, 18 and 19, that plaintiff at the time he left the Wold home abandoned all claims against them, and accepted their renunciation of all obligations toward him as final; that the cause of action set forth in the complaint was barred by the statute of limitations, and that the plaintiff had lost his rights by laches.

Upon the facts so found the court held that plaintiff was not entitled to recover, and the conclusions of law were that he take nothing by the action and that it be dismissed with costs to defendants.

Thereafter plaintiff moved to amend certain of the findings of fact, to strike out those in reference to abandonment, the statute of limitations and laches, and for an amendment of the conclusions of law so as to award judgment for plaintiff. After hearing the parties, and on what appears to us a further painstaking and impartial consideration of the case, the court struck out the findings just referred to, and amended the conclusions of law so as to order judgment to the effect that plaintiff was entitled to a decree awarding to him the rights of an heir in and to the property of the Wolds, and for the costs of the action. Defendants then moved in the alternative for certain amendments of the findings or a new trial. This motion was in all things denied and defendants appealed.

The assignments of error present four principal questions, namely: (1) Whether the court was without authority to amend the conclusions

of law by changing the order for judgment in favor of defendants to one in favor of plaintiff; (2) whether the amended findings support the amended conclusions of law; (3) whether plaintiff's claim is barred ˙by the statute of limitations; and (4) whether the evidence is sufficient to support the findings of fact. The questions will be disposed of in the order stated. None require extended discussion.

1. By the first decision filed by the trial court the action was ordered dismissed with costs to defendants. That conclusion as we understand the record was based upon the findings to the effect that plaintiff, long prior to the death of Mrs. Wold, abandoned all claims to any share in the Wold property, and that his rights were barred by the statute of limitations, or lost by laches. But on plaintiff's motion for amended findings, by which the findings just mentioned were challenged as not justified by the evidence, the court concluded, after further consideration of the evidence, that the findings were not sufficiently supported and they were stricken out. Thus disappeared from the record the basis for the conclusions of law directing a dismissal of the action, and our only inquiry is whether the court had authority to amend the conclusions of law to make them respond to the facts as they remained after the elimination of those just mentioned. We think the question should be answered in the affirmative. No judgment had been rendered in the action at the time of the amendment nor had the cause been removed from the jurisdiction of the trial court by appeal. That the court has jurisdiction and authority in such case upon proper occasion to change its mind, and order an amendment which will change the result formerly ordered seems clear. 8 Standard Enc. Pr. 1066; State Sash & Door Mnfg. Co. v. Adams, 47 Minn. 399, 50 N. W. 360; 3 Notes on Minn. Reports, 649; Hurley v. City of West St. Paul, 83 Minn. 401, 86 N. W. 427; Gallagher v. Irish-American Bank, 79 Minn. 226, 81 N. W. 1057. Whether the court would have the right to make such change after judgment, and whether the remedy in that situation of the case would be a new trial, we do not consider as the question is not presented.

2. The facts found by the trial court are stated substantially in the outline of the case, and that they fully support the amended conclusions of law there can be no serious doubt. The necessary conclusion from the facts so found, as illuminated by the evidence, is that the Wolds promised

and agreed in return for the right to retain plaintiff as a member of their home, and for such service as he might thereafter render them, to give to him at their death all their property, and to take such action in their lifetime as would be necessary to make him their heir and bring about that result. The findings are not in this precise language, but such was the view taken by the trial court of the evidence, as appears from the memorandum attached to the final order for judgment, and that conclusion the evidence fully supports. The parties clearly did not contemplate a formal court proceeding for an adoption by order or decree at any particular time. They were not familiar with the law upon the subject. What they intended was that plaintiff, in consideration of the facts stated, should be entitled to and have the Wold property at their death. The contract was suffciently shown, and there was a performance by plaintiff. The fact that when he married contrary to the wishes of the Wolds they repudiated the contract and publicly declared that he should have none of their property, does not change in any material respect the situation; the Wolds could not thus escape from the obligations imposed upon them by the contract. Plaintiff did not abandon the Wolds; on the contrary, the Wolds abandoned him. So the contention that the facts as found do not sustain the amended conclusions of law is not sustained.

3. It is contended that whatever right plaintiff ever had under the contract accrued at the time of the separation between the parties, which took place in 1899, when the Wolds, by reason of their dissatisfaction with plaintiff's marriage, renounced any and all obligations to him, and declared that he should not at any time receive any part or portion of their property. The contention is that plaintiff could, at that time, have maintained an action to enforce his rights, and that his failure to do so for more than 6 years fully sustains the plea of the statute of limitations and is a complete bar to the present suit. In this we do not concur. The contract as disclosed by the findings and evidence was continuing in character, plaintiff at no time abandoned the same, and the Wolds, at some time during their life were under obligation in some form to make plaintiff their heir and the legal successor to their property and property rights. Plaintiff was not required to proceed prior to the happening of the event which would vest him with the rights of an heir, namely, the death of the Wolds, though the situation might be different

had he breached the contract, and refused performance on his part. The renunciation 'and repudiation made by the Wolds did not operate to set the statute of limitations in motion, and the right of suit continued though plaintiff could have proceeded earlier had he so elected. 1 Wood, Limitations (4th ed.) 119a (5); Henry v. Reed, 80 Kan. 380; 103 Pac. 846; Roehm v. Horst, 178 U. S. 1, 20 Sup. Ct. 780, 44 L. ed. 953.

4. The last contention, namely, that the evidence is insufficient to support the verdict is not sustained. The case in its principal facts is not different from like cases heretofore presented. Svanburg v. Fosseen, 75 Minn. 350, 78 N. W. 4, 43 L.R.A. 427, 74 Am. St. 490; Malone v. Malone, 88 Minn. 418, 93 N. W. 605; Schmitt v. Schmitt, 94 Minn. 414, 103 N. W. 214; Lindell v. Lindell, 135 Minn. 368, 160 N. W. 1031; Hayes v. Hayes, 26 Minn. 389, 148 N. W. 125; Drager v. Seegert, 138 Minn. 6, 163 N. W. 756; Fiske v. Lawton, 124 Minn. 85, 144 N. W. 455. A general statement of the case has been made and the facts there outlined are supported by sufficient competent evidence, a discussion of which will serve no useful purpose. It is sufficient to say that the record has been carefully read with the result stated. The evidence of the contract and agreement is direct, and the question is not left to conjecture or speculation. The principal witness and the one who testified directly to the contract, as made by the parties in 1881, was a sister of plaintiff. Her relationship was not a disqualification (Drager v. Seegert, supra), and whether she was worthy of belief was a question for the trial court. We discover no sufficient reason for holding that her testimony should be rejected. She was corroborated by declarations of the Wolds made to various parties, long after the date of the transaction, to the effect that plaintiff was their son, and was to have their property when they died. And taking the evidence as a whole it is not such as to justify interference by this court.

Order affirmed.