# HAROLD W. DURAND v. THERESIA DURAND.[1]

November 23, 1928.

No. 26,946.

**Issues not raised by pleadings may be tried as if they were.**

1. Issues not made by the pleadings may be litigated by consent and be disposed of as if properly raised by the pleadings.

**When title vests in grantee of deed even if another pays the consideration.**

2. Even if the money, which the son used to complete the purchase of a property for which he held a contract for deed, was the son's, a gift from the father, still the fact that the vendor conveyed to the father at the son's request vested the title in the father.

**Finding not sustained by evidence.**

3. The evidence does not sustain the finding that the son's entry into possession and making valuable improvements upon the property conveyed was not in reliance on such property's being an accepted gift from the father.

Gifts, 28 C. J. § 84 p. 680 n. 70.
Pleading, 31 Cyc. p. 734 n. 79.
Trusts, 39 Cyc. p. 142 n. 48.

Plaintiff appealed from an order of the district court for Ramsey county, Bechhoefer, J. denying his motion for a new trial. Reversed.

*Albert J. Mueller,* for appellant.

*McDonough, Diehl & Kueppers,* for respondent.

HOLT, J.

The appeal is from an order denying plaintiff a new trial.

Plaintiff sued to determine the adverse claims of defendant to a certain parcel of land in St. Paul of which he alleged himself to be the owner in possession. Defendant claimed title as sole heir of William P. Durand and possession as administratrix of his estate. The court found that on February 3, 1926, the then owners, by written instrument, agreed to sell and convey the premises to plain-

[1]Reported in 221 N. W. 908.

tiff, and that on the 20th of said month said owners, upon the direction of plaintiff, conveyed the same to his father, William P. Durand, who paid the consideration; also that about three months thereafter plaintiff, by permission of William P. Durand, took possession of the premises and has ever since continued in possession, paying no rental therefor but having put in a hot air furnace at a cost of $131 and decorated the house at an expense of $75. The court further found:

"Plaintiff's entry into possession of the said premises was not pursuant to any understanding or agreement between him and his father, William P. Durand, that the latter would give the said premises to the plaintiff or cause title thereto to be vested in him, and such possession was entirely because of said license and permission given by said William P. Durand, and such improvements as were made by the plaintiff were not made in reliance upon any such understanding or agreement."

The above findings are claimed to be contrary to the evidence, and the conclusion of law that plaintiff is not entitled to any relief is said to be contrary to the findings made and to findings called for by the evidence.

The complaint did not claim title by gift, nor did it set forth facts warranting any equitable relief such as might flow from taking possession and expending labor and money in making permanent improvements in reliance upon the assurance that the premises were plaintiff's. But as stated by the trial court in the memorandum attached to the findings, these issues were litigated by consent; and if the quoted finding is supported, it excludes plaintiff from all relief.

There was evidence that the money paid when the deed was executed to William P. Durand was plaintiff's money, given him by his father. There were also admissions by plaintiff tending to show that the son took the father's money as his agent to the vendors and got the deed. But even resolving in favor of plaintiff that it was his money, a gift from the father, it does not disturb the title which vested by the deed in the vendee named therein. Under G. S.

1923, § 8086, if all of the money paid for the conveyance was in fact the son's and he directed that his father be named grantee therein, the title vested "in the person named as the alienee in such conveyance." Haaven v. Hoaas, 60 Minn. 313, 62 N. W. 110; Nash v. Kirschoff, 157 Minn. 418, 196 N. W. 488.

However after the title vested in the father, he could make a gift thereof to the son. In Evenson v. Aamodt, 153 Minn. 14, 17, 189 N. W. 584, it is said:

"To constitute a valid transfer of land by verbal gift, there must be a gift completely executed by delivery of possession and performance of some acts sufficient to take the case out of the statute of frauds. The performance necessary for this purpose must be an acceptance, a taking of possession under and in reliance upon the gift and the doing of such acts in reliance thereon that it would work a substantial injustice to hold the gift void. Lindell v. Lindell, 135 Minn. 368, 160 N. W. 1031. See also Drager v. Seegert, 138 Minn. 6, 163 N. W. 756; Snow v. Snow, 98 Minn. 348, 108 N. W. 295; Hayes v. Hayes, 126 Minn. 389, 148 N. W. 125."

To these may be added Trebesch v. Trebesch, 130 Minn. 368, 153 N. W. 754, and the earlier decisions in Brown v. Hoag, 35 Minn. 373, 29 N. W. 135; Slingerland v. Slingerland, 39 Minn. 197, 39 N. W. 146; Schmitt v. Schmitt, 94 Minn. 414, 103 N. W. 214.

It is undisputed that plaintiff took possession and before so doing collected and appropriated the rent accruing after the conveyance. The verbal gift was completely executed by the delivery of possession. Certainly there reasonably could be no other conclusion than that the son accepted the gift and in reliance thereon put in a furnace, redecorated, paid the taxes and made various improvements which none but an owner would make. There is no hint in the record of any agreement or understanding between father and son that the latter should have possession, pay taxes, and make improvements for the right or license to occupy. The father being dead, the son as plaintiff could not testify in regard to any transaction or conversation between them concerning the property. But a number of witnesses, including a sister of defendant, testified to statements

and acts of the father indicating that the property was his son's and that he took pride in having his friends and relatives see and admire it as his son's home. When in addition to this is considered the peculiar mutually helpful relations which for many years existed between this father and son, prior to February, 1926, it seems very natural that the father would be inclined to provide a home for the son about to be married. As best they could the two had clung to one another and maintained some sort of a common abode when defendant deserted them. It is evident that the father did not intend this property for a home for himself, and of course not for defendant. He wisely, perhaps, sought a place of abode apart from his son when the latter went to establish a home of his own. And after this was done he kept up his friendly interest in the young couple, frequently visited them and took his friends there, and did such little things as a kind father delights to do for a child, such as tidying up around the house.

Taking all the testimony and the situation of the parties concerned into consideration, it seems to us the finding first above set out is not supported by the evidence. On the contrary, all the testimony appears to agree that this property was a gift from the father to the son, who accepted the same and in reliance thereon entered into possession and made valuable betterments. After the deed was obtained the father's declarations were always to the effect that the property was the son's. We think the learned trial court when making the decision did not have in mind the law pertaining to the acceptance of a verbal gift of real estate and the entering in possession and making permanent improvements thereon in reliance on the gift.

The order is reversed.